543 A.2d 620

City of Harrisburg, a Municipal Corporation, and the Redevelopment Authority of The City of Harrisburg v. Capitol Housing Corporation et al. Pennsylvania Higher Education Assistance Agency and Kenneth R. Reeher, Appellants.

School District of The City of Harrisburg v. Towne House Apartments et al. Pennsylvania Higher Education Assistance Agency and Kenneth R. Reeher, Appellants.

Argued April 19, 1988, before President Judge CRUMLISH, JR., Judge MCGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*John D. Killian,* with him, *Robert W. Barton, Killian & Gephart,* for appellants.

*Judith Brown Schimmel,* City Solicitor, for appellee, City of Harrisburg.

*Earl Harris,* for appellee, Harrisburg School District.

*Stuart Magdule,* for appellee, Harrisburg Redevelopment Authority.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 29, 1988:

The Pennsylvania Higher Education Assistance Agency (PHEAA) appeals a Dauphin County Common Pleas Court order affirming its prior decree nisi and enjoining the sale of the Towne House apartment building (Towne House)[1] to PHEAA.

---

[1] The adjacent annex and parking lot were included in the sale of the property which is located at 660 Boas Street, Harrisburg, Pennsylvania.

The Towne House is located on real estate which was purchased by the Capitol Housing Corporation (CHC) from the Harrisburg Redevelopment Authority (Authority)[2] in 1958. The deed incorporated a redevelopment contract, providing that the tract would be developed in accordance with the Redevelopment Plan, which divided the area into residential (private and public), institutional and commercial tracts. The contract and Plan imposed a forty-year restriction on the land which was designated as "residential private housing."[3]

In contradiction to the Plan, however, the Towne House ownership attained permission from the City of Harrisburg[4] to rent the second, third and fourth floors as government offices. Subsequently, PHEAA, the lessee, was given an option to purchase the entire property, which it accepted in 1986. This purchase agreement was made pursuant to the Act of August 7, 1963, P.L.

---

[2] Pursuant to the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1702, the Harrisburg City Council approved Redevelopment Plan A-1 as its general plan for the blighted area surrounding the property. All property within this area was acquired by negotiation or eminent domain.

[3] The redevelopment contract provides, *inter alia:* "That the site shall be devoted to the uses specified in the Redevelopment Plan; that the land use restrictions were covenants running with the land and in any deed; and that the contract is enforceable by the Authority or its successors and assigns, the City, and any successor in interest to the redevelopment of the site, . . . against the redeveloper, its successors and assigns, and any party in possession or occupancy of the site or any portion thereof."

[4] PHEAA obtained an approval through City Council Resolution No. 17 on February 6, 1968, to change the Redevelopment Plan to authorize the use of the second, third and fourth floors of the apartment building for office purposes. The Resolution contains an admonition against further such encroachment and was adopted upon the express representation by the redeveloper that it would never again make such a request.

549, *as amended,* 24 P.S. §5104(12) (Act 130), which grants PHEAA the authority

> to acquire and hold title in the name of the agency to the property known as the Towne House, including the Annex thereto leased by the agency [as well as two additional properties located in the City of Harrisburg] . . . and to make such arrangements as may be necessary to finance such acquisitions.

In enjoining the sale, the common pleas court interpreted the land use restriction "residential private housing" to mean "private ownership" as opposed to "public or quasi-public ownership" and to require ownership by a taxable rather than nontaxable entity.[5] The common pleas court concluded that Act 130 authorized PHEAA, a public nontaxable state agency, to buy the land only if there were no other impediments to the purchase. It found that the redevelopment contract's land use restriction was just such an impediment.

PHEAA contends that the common pleas court erred because there is no *express* restriction prohibiting a tax-exempt entity from purchasing the property and restrictive covenants must be strictly construed. PHEAA argues that the common pleas court should not extend these restrictions by implication.

Here, the Towne House owners agreed to devote the site to private residential housing until 1998.[6] By agreeing to sell the Towne House to a governmental, nontax-

---

[5] The common pleas court noted that one of the primary concerns of urban redevelopment is the erosion of tax revenues as a product of a blighted condition and the need for economically sound redevelopment.

[6] We agree with the common pleas court that since the express covenant requiring ownership to be vested in a private taxpaying entity is incorporated into the deed, an express covenant restricting ownership is not necessary.

able entity, the property owner violated the contract which was incorporated in the deed. Not only is PHEAA a public governmental agency, but PHEAA's intention to use the building as office and not residential space is contrary to the deed and redevelopment contract.

In construing a contract, the intention of the parties is paramount. *Natural Fuel Gas Distribution Corp. v. Pennsylvania Public Utility Commission*, 98 Pa. Commonwealth Ct. 354, 511 A.2d 907 (1986). Where its meaning may be susceptible to different interpretations, extrinsic or parol evidence may be considered to determine the intent of the parties. *Beharry v. Mascara*, 101 Pa. Commonwealth Ct. 582, 516 A.2d 872 (1986).

The common pleas court admitted testimony[7] regarding the meaning of the phrase, "residential private housing" and the intentions of the Authority and CHC. The testimony indicates that the parties understood the phrase to mean "private nongovernmental housing" in contrast to "public governmental housing."[8] We hold that the common pleas court correctly concluded that the conveyance violated the property's land use restrictions.

PHEAA next contends that Act 130 gives it specific authorization to purchase the Towne House and thus overrides any local land use regulation.

The Pennsylvania Supreme Court in *Department of General Services v. Ogontz Area Neighbors Association*, 505 Pa. 614, 483 A.2d 448 (1984), held that absent clear legislative intent and direction to the contrary, a Commonwealth agency is subject to municipal zoning re-

---

[7] Deposition of John Stape, formerly the Executive Director of the City of Harrisburg Housing Authority and Redevelopment Authority, 11/25/86, pp. 36-37.

[8] *Id.* at pp. 33-37.

strictions. It prescribed a balancing test for determining legislative intent of the priority of the governmental entities involved, namely the consequences of a particular interpretation. Similarly, we can apply this test to the present case where a land use restriction is incorporated into the deed.

Here, one consequence of permitting PHEAA to circumvent the use restriction is that the Authority's Redevelopment Plan would be frustrated, while if the City were to prevail, PHEAA could relocate to other properties, including the two additional sites which PHEAA was granted authority to acquire.

Moreover, the Supreme Court held in *City of Pittsburgh v. Commonwealth,* 468 Pa. 174, 360 A.2d 607 (1976), that the legislature evinces an intent to override municipal zoning powers by the inclusion of the power of eminent domain to the state agency. Act 130 does not clothe PHEAA with the power of eminent domain or the right to supersede the local land use regulation.

For the reasons set forth herein, the common pleas court order is affirmed.

## ORDER

The Dauphin County Common Pleas Court order, Nos. 4586 and 4587 of 1986 dated July 9, 1987, is affirmed.

Judge CRAIG did not participate in the decision in this case.