606 A.2d 1241

**Richard OLON and Jennifer Olon, a/k/a Mary Jennifer Olon, his wife, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS and Commonwealth of Pennsylvania, Department of General Services, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.

Decided April 3, 1992.

Reargument Denied May 1, 1992.

James R. Irwin and Jeffrey K. Millin, for petitioners.

Jerome T. Foerster, Deputy Atty. Gen., for respondents.

Before CRAIG, President Judge, COLINS, Judge (P.), and SILVESTRI, Senior Judge.

CRAIG, President Judge.

Before this court are the preliminary objections in the nature of a demurrer of the Pennsylvania Department of Corrections and the Pennsylvania Department of General Services (departments) to the petition of Richard and Jennifer Olon (landowners) for review of the departments' plans to build a prison in the Borough of Cambridge Springs and Cambridge Township, Crawford County, Pennsylvania. We overrule the objections.

The issue in this case is whether an appropriations bill naming a former college site and authorizing its acquisition and renovation for use as a state prison gives the depart-

ments the right to supersede the local land use regulations of the borough and the township.

The facts in this case are as follows. On December 20, 1990, the General Assembly enacted Act 223, entitled the Capital Budget Project Itemization Act for 1990–1991.[1] This Act allocated funds for the conversion of a former college into a prison. Act 223 states, in relevant part:

| Project | Allocation |
|---|---|

. . .

(ii) State Correctional Institution–Crawford County

(A) Acquisition and renovation of former Polish National Alliance College for use as a State Correctional Institution     8,876,000

The college is located in both the Borough of Cambridge Springs and Cambridge Township. The college is located in a residential district in the Borough of Cambridge Springs and in an educational and institutional district in Cambridge Township; thus, neither of these municipalities' zoning ordinances permit the use of the land for a prison.

The landowners' petition in this court's original jurisdiction, 42 Pa.C.S. § 761, seeks to enjoin the departments from converting the college into a prison. The departments filed preliminary objections in the nature of a demurrer to the petition for review, stating that Act 223 grants to the departments the power to preempt local zoning ordinances for this project.

■ Initially, we note that preliminary objections in the nature of a demurrer will be sustained only where a complaint is clearly insufficient to establish a right to relief, and any doubt must be resolved in favor of overruling that demurrer. *County of Allegheny v. Commonwealth of Pennsylvania*, 507 Pa. 360, 490 A.2d 402 (1985).

The leading case on the issue stated above is *Department of General Services v. Ogontz Area Neighbors Association*, 505 Pa. 614, 483 A.2d 448 (1984).

1. Supplement to the Act of July 9, 1990, P.L. 350, No. 80, *as amended.*

In *Ogontz,* the Department of General Services attempted to construct a two-story building in Philadelphia which would have served as a development center for mentally handicapped persons. After the department applied for a building permit, the Philadelphia Department of Licenses and Inspections denied the requested use, stating that the proposed use was an impermissible use in the district.

The department appealed to the Zoning Board which affirmed the licensing department's decision. The department then appealed to the common pleas court which reversed the zoning board, stating that because the legislature granted to the department the power to condemn property for establishing mental health facilities, the department was immune from local land use restrictions. This court affirmed that decision, and a group of landowners appealed to our Supreme Court.

The Supreme Court reversed this court, stating that without clear legislative intent to the contrary, a state agency does not enjoy immunity from local zoning regulations. The Supreme Court overruled a previous decision which had stated that the grant of eminent domain powers to a state agency may be taken as an indication of legislative intent that the agency may supersede local zoning regulations. The Supreme Court's majority opinion stated:

> Of course, should the legislature determine that one or more Commonwealth agencies or projects should be empowered to supersede local land use regulations, it need only pass legislation to that effect.

*Ogontz,* 505 Pa. at 628, 483 A.2d at 455.

The Supreme Court thus rejected a balancing approach, refused to infer a legislative intent that the Commonwealth agency has preemptive land use powers, and thereby indicated that an explicit legislative statement is required to negate local zoning powers.

██ Here the legislation relating to the proposed conversion of Alliance College into a prison facility is set forth in an appropriations bill. There is nothing in the appropria-

tions bill which states that the local land use regulations are preempted by the project or by the agencies charged with constructing and administering prisons. *Ogontz* not only prohibits us from automatically conferring preemptive land use powers upon a Commonwealth agency but also rejects attributing preemptive land use powers by inference.

In *Harrisburg v. Capitol Housing Corp.*, 117 Pa.Commonwealth Ct. 408, 543 A.2d 620 (1988), the Pennsylvania Higher Education Assistance Agency (PHEAA) attempted to purchase property owned by Capitol Housing Corporation (CHC). CHC bought the property from the City of Harrisburg and the deed incorporated a redevelopment plan dividing the area into residential, institutional and commercial tracts. PHEAA's attempted use of the property contradicted the redevelopment plan. PHEAA attempted to purchase the property pursuant to Act 130,[2] which stated that PHEAA had the right to:

> [A]cquire and hold title in the name of the agency to the property known as the Towne House, including the Annex thereto leased by the agency ... and to make such arrangements as may be necessary to finance such acquisitions.

*Capitol Housing Corp.*, 117 Pa.Commonwealth Ct. at 412, 543 A.2d at 621.

This court concluded in *Capitol Housing Corp.* that Act 130 did not grant to PHEAA the power to supersede the local land use regulation. The language of Act 130 in that case was similar to that of Act 223 here, and therefore the *Capitol Housing Corp.* case confirms the view that, without more, legislation authorizing a state agency project does not inferentially negate the local land use controls.

Accordingly, the preliminary objections of the departments are overruled, and the departments are directed to answer the petition for review.

COLINS, J., dissents.

2. Act of August 7, 1963, P.L. 549, *as amended,* 24 P.S. § 5104(12).

## ORDER

NOW, April 3, 1992, the preliminary objections of the departments, dated August 23, 1991, are overruled and the respondents shall answer the petition for review.