626 A.2d 533

**Richard OLON and Jennifer Olon, a/k/a Mary Jennifer Olon, his wife, Appellees,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS and Commonwealth of Pennsylvania, Department of General Services, Appellants.**

Supreme Court of Pennsylvania.

Argued May 4, 1993.

Decided June 1, 1993.

Reargument Denied July 8, 1993.

---

6. Since we have found the entire property to be immune, we do not have to reach the exemption issues.

Jerome T. Foerster, John G. Knorr, III, Deputy Attys. Gen., for appellants.

James R. Irwin and Jeffrey K. Millin, Meadville, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Neighboring landowners petitioned for review of actions by the state Department of Corrections to renovate a former college site for use as a state prison in violation of local zoning ordinances. The department demurred, alleging that an act of the legislature authorized the project. The Commonwealth

Court held that the appropriations bill authorizing the project did not inferentially negate local land use ordinances, and overruled the demurrer. In this interlocutory appeal by allowance, we hold that the legislature statutorily superseded the local zoning ordinance, and reverse the order of the Commonwealth Court.

On December 20, 1990, the General Assembly enacted the Capital Budget Project Itemization Act for 1990–91, Act 223 of 1990, effective immediately, which authorized the incurrence of $8,876,000 of debt for the "[a]cquisition and renovation of former Polish National Alliance College for use as a State Correctional Institution." On December 22, 1990, the Department of Corrections acquired the property for $2,500,000. The departments of corrections and general services undertook the renovation and conversion of the property to serve as a prison. The Crawford County facility is located partially in the Borough of Cambridge Springs, in a residential district, and partially in the Township of Cambridge, in an educational and institutional district. Neither municipality's zoning ordinance permits the property to be used as a correctional institution.

Neighboring property owners filed a petition for review in the Commonwealth Court in the nature of a complaint in equity, seeking a permanent injunction against the conversion and use of the former college as a prison, alleging that such use would violate the local zoning ordinances. The departments of corrections and general services filed preliminary objections in the nature of a demurrer, contending that by authorizing the purchase of the college site for conversion and use as a prison, the legislature overrode any local zoning and land use controls. The court overruled the preliminary objections and entered an order stating that the decision involved "a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from this order may materially advance the ultimate termination of this matter," as prescribed in 42 Pa.C.S. § 702(b), and this court permitted the interlocutory appeal pursuant to Pa.R.A.P. 1311.

In reaching its decision, the Commonwealth Court discussed the holding of *Dep't of General Services v. Ogontz Area Neighbors Ass'n,* 505 Pa. 614, 483 A.2d 448 (1984), concluding that this court "refused to infer a legislative intent that the Commonwealth agency has preemptive land use powers, and thereby indicated that an explicit legislative statement is required to negate local zoning powers." *Olon v. Commonwealth, Dep't of Corrections,* 147 Pa.Cmwlth. 22, 25, 606 A.2d 1241, 1242–43 (1992). The Commonwealth Court found nothing in the legislation "which states that the local land use regulations are preempted by the project or by the agencies charged with constructing and administering prisons. *Ogontz* not only prohibits us from automatically conferring preemptive land use powers upon a Commonwealth agency but also rejects attributing preemptive land use powers by inference." *Id.* at 26, 606 A.2d at 1243.

Instead, the Commonwealth Court relied on *Harrisburg v. Capitol Housing Corp.,* 117 Pa.Cmwlth. 408, 543 A.2d 620 (1988). In that case, the Pennsylvania Higher Education Assistance Agency (PHEAA) had been granted legislative authority to "acquire and hold title in the name of the agency to the property known as the Towne House, including the Annex thereto leased by the agency ... and to make such arrangements as may be necessary to finance such acquisitions." Act of August 7, 1963, P.L. 549, as amended, 24 P.S. § 5104(12), (Act 130). When PHEAA attempted to acquire and use the Towne House property in violation of the redevelopment plan governing the property, the Commonwealth Court prohibited such use, holding that "Act 130 did not grant PHEAA the power to supersede the local land use regulation" and that "without more, legislation authorizing a state agency project does not inferentially negate the local land use controls." *Olon v. Dep't of Corrections,* 147 Pa.Cmwlth. at 26, 606 A.2d at 1243.

The Commonwealth Court thus correctly understood *Ogontz* to require specific legislative intent to override municipal zoning powers before a Commonwealth agency will be deemed to possess preemptive land use powers; nevertheless, such an

intent is evident in the legislation underlying this case. The *Capitol Housing Corp.* case relied on by the Commonwealth Court and the cases urged by appellees, e.g. *City of Pittsburgh v. Commonwealth,* 468 Pa. 174, 360 A.2d 607 (1976), do not, however, justify the result reached in the Commonwealth Court.

*Ogontz* involved legislation empowering the department of public welfare (DPW) to acquire property for the purpose of relocating 900 patients formerly housed at Pennhurst State School and Hospital, a mental health facility, and the department purchased twelve sites in Philadelphia. When the Commonwealth agency sought to construct a new facility at one of the sites, the city zoning authority denied permission due to the proposed facility's failure to comply with the local zoning ordinance. This court was presented with the question whether the Mental Health and Retardation Act of 1966, Act of October 20, 1966, Special Sess. No. 3, P.L. 96 *as amended,* 50 P.S. § 4101 *et seq.,* authorizing DPW to plan, supervise, operate, and acquire property for mental health and retardation facilities at various locations throughout the state, or Act 256 of 1970, allocating funds to DPW to develop a regional program to relocate patients from Pennhurst State School and Hospital, created in DPW authority to override local land use and zoning restrictions. We concluded that the general grant of authority to acquire land did not imply a legislative intent that the agency was given preemptive land use powers, and that the agency was subject to the jurisdiction of the zoning board with respect to local use restrictions. We stated, however: "Of course, should the legislature determine that one or more Commonwealth agencies or projects should be empowered to supersede local land use regulations, it need only pass legislation to that effect." *Ogontz,* 505 Pa. at 628, 483 A.2d at 455. This we think the legislature did in this case.

This legislation is distinguishable from that in the cases discussed supra in this respect: here the General Assembly specified both the property to be acquired and the specific use of the property. None of the other cases involved this combination of factors: either they authorized an agency to acquire

unspecified property for a specific purpose, e.g. *Ogontz, supra, City of Pittsburgh v. Commonwealth, supra,* or they authorized an agency to acquire specific property for an unspecified purpose, e.g. *Capitol Housing Corp., supra.* In authorizing the acquisition of the Polish National Alliance College property to be used specifically as a state correctional institution, the General Assembly clearly expressed an intent to override local zoning ordinances which prohibited such use of the property.

The order of the Commonwealth Court must therefore be reversed.

Order reversed.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. The majority holds that because the General Assembly authorized the acquisition of the Polish National Alliance College property to be used specifically as a state correction institution in the Capital Budget Project Itemization Act for 1990–1991 ("Act 223"), the General Assemble clearly expressed an intent to override the local zoning ordinances. The only way the majority could reach its decision today is by inferring legislative intent. In *Commonwealth of Pennsylvania, Department of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 628, 483 A.2d 448, 455 (1984), this court refused to infer a legislative intent that the Commonwealth agency has preemptive land use powers.

I think the Commonwealth Court correctly held that the clear legislative intent necessary to preempt or override the local zoning ordinances of the Borough of Cambridge Springs and the Township of Cambridge cannot be found in Act 223. Section 3(1)(ii) of Act 223 merely provides an appropriation and a general authorization to acquire the Alliance College and convert it to a prison. The granting of authority to purchase a specific parcel of property "does not clothe [an agency] with the power of eminent domain or the right to supersede local land use regulations". *City of Harrisburg v.*

*Capital Housing Corporation,* 117 Pa.Commw. 408, 543 A.2d 620 (1988).

In *Ogontz, supra,* a majority of this court stated:

Of course, should the legislature determine that one or more Commonwealth agencies or projects should be empowered to supersede local land use regulations, it need only pass legislation to that effect.

*Id.,* 505 Pa. at 628, 483 A.2d at 455. In his concurring opinion, Justice Zappala noted:

Through the zoning enabling acts, the Legislature has granted municipalities the power to carefully plan and supervise the comprehensive development of their land. Yet this *specific* grant of power would be highly illusory, and its purpose thwarted, if another public entity were able to override it by implication. I would hold simply that absent a specific legislative grant of authority exempting an agency from local zoning regulations, the local regulations must control.

*Ogontz,* 505 Pa. at 629, 483 A.2d at 456 (Zappala, J., concurring, Larsen and McDermott, JJ., joining) (emphasis in original).

If the legislature intended to nullify or negate any local zoning or any other land use controls, they easily could have provided for such intent by including *specific* language relating to that subject matter in Act 223. There is nothing in the Act which states that the local land use regulations are preempted by the project or by the agencies charged with constructing and administering prisons.

Merely providing for an appropriation to purchase a location for use as a state institution or facility does not provide a *specific* legislative intent to nullify local zoning regulations and ordinances. To accept the majority's decision would, in effect, overrule *Ogontz* and would allow the Commonwealth and the General Assembly to override local zoning merely by appropriating money for a specific purpose. This clearly is not what this Court intended in *Ogontz;* nor has the legislature seen fit to "overrule" *Ogontz.*

Therefore, I would affirm the decision of the Commonwealth Court.