Councilman Angel ORTIZ and Councilman David Cohen and Councilwoman Jannie L. Blackwell and Al Stewart, Ward Leader of 11th Ward and Candidate for City Council for the 8th District and Gregory Beau Paulmier, Ward Leader of the 12th Ward and Philadelphia Anti–Drug/Anti–Violence Network (PAAN) and Consumer Education and Protective Association (CEPA) and Fathers Day Rally Committee and Thomas P. Cronin, President, American Federation of State County and Municipal Employees (AFSCME) District Council 47 and Dr. Paul Fink, Associate Vice–President Albert Einstein Medical Services and Wilfredo Rojas, President, Philadelphia Chapter of the National Congress of Puerto Rican Rights and Fellowship Commission and Benjamin Ramos, Democratic Candidate for the 180th State Legislature District, and City of Pittsburgh, Petitioners,

v.

COMMONWEALTH of Pennsylvania, and Honorable Robert Casey, Governor and Honorable Ernest Preate, Jr., Attorney General and Lynne Abraham, District Attorney of Philadelphia County, Respondents.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1994.

Decided Feb. 14, 1995.

Samuel C. Stretton, Robert M. Jaffe and David Kairys, for petitioners.

Calvin R. Koons for respondents.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

McGINLEY, Judge.

Presently before this Court are the preliminary objections of Ernest D. Preate, Jr., Attorney General of the Commonwealth of Pennsylvania to the petition for declaratory and injunctive relief filed in our original jurisdiction by elected members of the Philadelphia City Council, elected ward leaders, citizens, residents, taxpayers and representative organizations of, Philadelphia, Pennsylvania (Petitioners).

The City of Philadelphia is governed pursuant to the Home Rule Charter of the City of Philadelphia (Home Rule Charter) that was adopted in 1951 pursuant to the First Class City Home Rule Act [1] (Home Rule Act) and provisions set forth in the Pennsylvania Constitution under Article 9, Sections 1 and 2. The Philadelphia City Council (Council) passed Bill No. 508 (Ordinance) which was signed and approved by the Mayor of Philadelphia (Mayor) on June 17, 1993, banning certain types of assault weapons in Philadelphia County. The Ordinance amended Sections 10–810 and 10–821 of the Philadelphia Code. The Council passed the Ordinance pursuant to the powers contained in the Home Rule Charter. The Ordinance contains penalties for the possession of various assault-type weapons including forfeiture, confiscation, fines and incarceration.

The Council amended Section 10–821 of The Philadelphia Code to read in pertinent part:

(1) Legislative Findings.

(a) Under the laws of this Commonwealth, personal possession of weapons that have common lawful uses such as personal defense, hunting and other sporting uses, is permitted.... However, possession of a variety of specified weapons and devices that have no ordinary defensive or sporting use is deemed to be a misdemeanor of the first degree....

\* \* \* \* \* \*

(c) The Council finds that it would be useful for law enforcement purposes to *supplement* the prohibitions of Pennsylvania laws regarding offensive weapons by making possession, manufacture, transfer, delivery, sale and use of such weapons a violation of The Philadelphia Code, subject to certain exceptions. In doing so the Council finds that it will be useful to specifically include within the ban a variety of weapons and devices *not yet expressly listed as offensive weapons* under the *Pennsylvania statute*.... This list should include, but not be limited to, paramilitary assault weapons, and the ammunition and accessories for such weapons, as well as a

---

1. Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §§ 13101–13157.

variety of other devices that have created special problems for local law enforcement in recent years. (Emphasis added).

The Council through the Ordinance defines various types and models of weapons and devices which are banned as *Assault Weapons, Contraband Weapons, Accessories and/or Ammunition,* etc. in Philadelphia. Section 10–821 also provides that "[a]ny person violating any provision of this section shall be subject to a fine ... and to imprisonment ... or both." Philadelphia Code § 10–821.

The Council amended Section 10–810 of the Philadelphia Code to read in pertinent part:

(6) Penalties. Whoever violates any provision of this section or *Section 10–821* shall, in addition to other penalties provided, forfeit the weapon, contraband, or dangerous device giving rise to the violation of such section.

(7) Confiscation. Police officers shall seize and deliver into departmental custody any air gun, air pistol, spring gun, switch blade knife, incendiary paper, *contraband weapons, accessories and/or ammunition* or other implement which shall be used, discharged, possessed, offered for sale or carried in violation of Section 10–810 *or 10–821.* (Emphasis added).

After the Ordinance was enacted the Pennsylvania General Assembly passed House Bill 185 (House Bill) which amended pertinent sections of the Crimes Code, 18 Pa.C.S. §§ 101–9183, including the Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6124. The House Bill went into effect December 3, 1994, and changed the definition of firearms as that term is applied in 18 Pa.C.S. § 6120. The Amendments provide that firearms for the purposes of 18 Pa.C.S. § 6120 are defined under 18 Pa.C.S. § 5515(a) as "any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon." The Honorable Robert Casey, then Governor of Pennsylvania, vetoed the House Bill but was overrid-

den by a vote of the General Assembly. The House Bill is now law in the Commonwealth.

The amended law, 18 Pa.C.S. § 6120, now provides in pertinent part:

(a) General rule.—No county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for the purposes not prohibited by the laws of this Commonwealth.

(b) Definition.—For the purposes of this section the term "firearms" has the meaning given in Section 5515 (relating to prohibiting of paramilitary training) but shall not include "air rifles" as defined in Section 6304 (relating to sale and use of air rifles.

18 Pa.C.S. § 6120(a) and (b), *as amended by,* Act of October 4, 1994, P.L. 571.[2]

Petitioners requested that this Court preliminarily enjoin the operation and enforcement of the House Bill to the extent that it conflicts with or preempts the Ordinance. Petitioners also asked this Court to find that the Ordinance is valid and properly enacted and that the House Bill does not preempt the Ordinance. By order dated November 14, 1994, we denied Petitioners' request for preliminary injunction. Petitioners appealed our order denying their request for preliminary injunction to our Pennsylvania Supreme Court. Pa.R.A.P. 311(a)(4) provides that "an appeal may be taken as of right from ... [a]n order granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions...." Pa. R.A.P. 311(h) provides that Pa.R.A.P. 1701 (generally prohibiting a court to proceed further in any matter after an appeal is taken or review of a quasijudicial order is sought) "shall not be applicable to a matter in which an interlocutory order is appealed under Subdivisions (a)(2) or (a)(4) of this rule." Therefore, the Attorney General's preliminary objections to Petitioners' request for declaratory and injunctive relief are properly before us.

---

**2.** Prior to the amendments, Section 6120 did not have a definition for firearms referencing Section 5515. The General Assembly amended Section 6120 to clarify the types of firearms that are not to be regulated by local municipalities.

Petitioners contend that the amended 18 Pa.C.S. § 6120 conflicts with the Home Rule Charter, the Home Rule Act, and the Pennsylvania Constitution. They stress that the purpose of the Home Rule Charter and the Home Rule Act was to provide for the development of laws and policies that apply to the unique situation in Philadelphia. They further argue that the City of Philadelphia is free to enact and enforce reasonable regulations on assault weapons by authority granted under the Home Rule Charter, the Home Rule Act and the Pennsylvania Constitution. Petitioners contend that the Ordinance banning assault weapons is a valid expression of Philadelphia's powers as a home rule city.

■ The Attorney General asserts in his preliminary objections that the Ordinance is in direct conflict with the amendments to 18 Pa.C.S. § 6120 and exceeds the authority granted to Philadelphia under the Home Rule Charter. Accordingly, the Attorney General contends that Petitioners' fail to state a cause of action in the petition for review and the case should be dismissed as a matter of law.[3] We must decide whether the Ordinance is in direct conflict with a state statute rendering it unenforceable.[4]

■ Article 9, Section 2 of the Pennsylvania Constitution provides that municipalities have the right to adopt home rule charters, but that their authority is limited by the Constitution and by the acts of the General Assembly. "A municipality which has a home rule charter may exercise any power or perform any function not denied by this Constitution, by its home rule charter *or by the General Assembly* at any time." (Emphasis added). Pennsylvania Constitution, Article 9, § 2. Because the amended 18 Pa.C.S. § 6120 is an act of the General Assembly, Philadelphia has no right, even under its Home Rule Charter, to undermine the au-

thority of this legislation. While the Pennsylvania Constitution authorizes a municipality to enact a home rule charter, the grant of authority is not unlimited.

In *Cali v. City of Philadelphia*, 406 Pa. 290, 177 A.2d 824 (1962), our Supreme Court defined the relationship between the Commonwealth and the City of Philadelphia. Chief Justice Bell, writing for a unanimous Court, stated that "municipalities are not sovereigns; they have no original or fundamental power of legislation; they have the power to enact only those ordinances which are authorized by the Constitution or by an enabling act of legislature...." *Cali*, 406 Pa. at 295, 177 A.2d at 827 (citing *Commonwealth v. Philadelphia*, 380 Pa. 367, 111 A.2d 136 (1955)). The Court continued stating that "[t]he Constitution ... reserved to the Legislature, and the Legislature in turn, in granting home rule to Philadelphia ... clearly and specifically reserved to itself *the power to impose restrictions, limitations* and regulations on any First Class City [Philadelphia] Home Rule Charter." (Emphasis and brackets in original). *Cali*, 406 Pa. at 297–98, 177 A.2d at 828.

A new Pennsylvania Constitution was adopted in 1968, after the *Cali* decision. There are no significant or relevant differences between the old and new Constitution with respect to the primacy of the General Assembly over a First Class City operating under a home rule charter. The predecessor to the above-cited Pennsylvania Constitution Article 9, Section 2 was Article 15, Section 1, adopted in 1922. The present constitutional provision is substantively identical to the provision interpreted by the Court in *Cali*. Article 15, Section 1 of the Constitution adopted in 1922 provided that "[c]ities ... may be given the right and power to frame and adopt their own charters and to exercise local government, subject, however, to such re-

---

3. Preliminary objections in the nature of demurrer will be sustained only where the complaint is clearly insufficient to establish right to relief. *Olon v. Commonwealth, Department of Corrections*, 147 Pa. Commonwealth Ct. 22, 606 A.2d 1241 (1992), *reversed on other grounds*, 534 Pa. 90, 626 A.2d 533 (1993).

4. The Attorney General also preliminarily objects alleging 1) that Petitioners' do not have standing,

2) that Petitioners' challenge is not ripe for review, and 3) that the Attorney General is not a proper party. We find that Petitioners do have standing, that the issues are ripe for judicial review, and that the Attorney General is a proper party. We will turn our focus to the Attorney General's preliminary objection alleging that Petitioners' pleading fails to state a cause of action.

strictions, limitations, and regulations, as may be imposed by the Legislature." *Cali,* 406 Pa. at 296, 177 A.2d at 827 (citing the Pennsylvania Constitution Article 15, § 1).

We have decided a similar issue to the one presented in this case. In *Schneck v. City of Philadelphia,* 34 Pa.Commonwealth Ct. 96, 383 A.2d 227 (1978), this Court enjoined the City of Philadelphia from enforcing an ordinance which attempted to regulate firearms in a manner contrary to state law. We stated in *Schneck* that "[t]he City of Philadelphia, as a municipal corporation created by the state, possesses only the powers specifically granted to it by the legislature." *Id.* at 99, 383 A.2d at 229 (citing *School District of Philadelphia v. Zoning Board of Adjustment,* 417 Pa. 277, 207 A.2d 864 (1965)).

█ In *Schneck* we also examined and explained the effect of the Home Rule Act in proscribing Philadelphia's powers. Section 18 of the Home Rule Act provides that "[n]otwithstanding the grant of powers contained in this act, no city shall exercise powers contrary to, or in limitation or enlargement of, powers granted by act of the General Assembly which are ... [a]pplicable in every part of the Commonwealth ... [and] [a]pplicable to all cities of the Commonwealth." 53 P.S. § 13133. We consider it self-evident that Section 18 of the Home Rule Act envisaged just such legislation as amended 18 Pa.C.S. § 6120. The recent amendments to the Uniform Firearms Act are acts of the General Assembly which are applicable throughout the Commonwealth and in the cities of the Commonwealth. In *Schneck,* we decided that 18 Pa.C.S. § 6120 prohibited the City of Philadelphia from regulating firearms. The Ordinance presently before us, like the ordinance in the *Schneck* case, directly conflicts with 18 Pa.C.S. § 6120 and is unenforceable.

The intent of the General Assembly is clear. "No county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms...." 18 Pa.C.S. § 6120(a). The amendments to 18 Pa.C.S. § 6120 broadening the definition of firearms were passed by the General Assembly for the express purpose of prohibiting the type of firearms ban found in the Ordinance. Petitioners have failed to state a cause of action. We sustain the Attorney General's preliminary objection and dismiss the petition.

SMITH, J., did not participate in the decision in this case.

*ORDER*

AND NOW, this 14th day of February, 1995, the Attorney General's preliminary objection asserting that the petition for review seeking declaratory and injunctive relief in the above-captioned matter fails to state a cause of action is sustained and the petition is dismissed.