v.

**PENNSYLVANIA STATE ETHICS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Aug. 22, 1995.

Decided Jan. 8, 1996.

Philip B. Friedman, for petitioner.

John Contino, Executive Director, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

P.J.S. (Petitioner) is an attorney licensed to practice law in the Commonwealth of Pennsylvania. From 1990 to 1994, Petitioner served as a solicitor for the City of Erie (City). Petitioner alleges that during that period of time he was also employed at a private law firm. In June of 1994, the State Ethics Commission (Commission) began an investigation on a complaint filed against Petitioner alleging that he violated Section 3(a) of the "State Ethics Act" (Act),[1] which provides that, "[n]o *public official* or *public employee* should engage in conduct that creates a conflict of interest," (emphasis added), and Section 3(f)[2] which provides that neither a *public official* nor a *public employee* shall enter into a contract with the governmental body with which the official or employee is employed, or subcontract with a person who has been awarded a contract by the governmental body with which the official or employee is employed. The complaint alleged that Petitioner agreed to provide legal services for the City's insurance carrier for a claim against the City, Mayor, and Police, but would be paid directly by the insurance carrier for his services and that he used City resources in his private legal work related

---

**1.** Act of October 4, 1978, P.L. 883, *as reenacted and amended,* June 26, 1989, P.L. 26, 65 P.S. § 403(a).

**2.** 65 P.S. § 403(f).

thereto. Petitioner filed a petition to dismiss and/or to stay the proceeding asserting that the Commission's action represents an unconstitutional legislative intrusion into the exclusive authority of the Supreme Court to regulate the professional and ethical conduct of attorneys who practice before the courts of this Commonwealth.

In February of 1995, the Commission denied Petitioner's petition to dismiss and/or stay the proceeding. On May 16, Petitioner filed a petition for review in this Court's original jurisdiction seeking declaratory judgment to resolve the question of whether the Commission has jurisdiction in this matter, and whether his constitutional rights, under Article V, Section 10 of the Pennsylvania Constitution were violated by application of the Act in this matter. Petitioner also sought a permanent injunction to enjoin the Commission's proceedings.

The Commission filed preliminary objections in the nature of a demurrer claiming: (1) that declaratory relief is not available under the Declaratory Judgments Act (DJA),[3] and (2) that this Court should not grant injunctive relief enjoining the legally mandated and lawfully authorized proceedings of an administrative agency of the Commonwealth of Pennsylvania when the prerequisites for such relief do not exist. We will discuss each issue in the order presented. We also bear in mind the standard of review for determining whether preliminary objections should be sustained.

▮▮▮▮▮ Preliminary objections should be sustained when the law will not permit a remedy, "and where any doubt exists, that doubt should be resolved by a refusal to sustain the preliminary objections." *J.B. Steven, Inc. v. Board of Commissioners of Wilkens Township,* 164 Pa.Cmwlth. 315, 643 A.2d 142, 144 (1994), *appeal denied,* 539 Pa. 671, 652 A.2d 841 (1994). In cases where preliminary objections would result in the dismissal of a cause of action, preliminary objections should only be sustained where it is clear and free from doubt that the pleader has not pleaded facts sufficient to establish

his right to relief. *Bower v. Bower,* 531 Pa. 54, 56, 611 A.2d 181, 182 (1992).

The Commission's first objection is that declaratory relief is unavailable because: (1) there is an alternative avenue of relief that is exclusively provided for by law; and (2) judicial and statutory precedent have made it clear and free from doubt that Petitioner does not have a right to relief.

▮▮▮ 42 Pa.C.S. § 7537 of the DJA provides in pertinent part that a court may refuse to render or enter a declaratory judgment where such judgment would not terminate the uncertainty or controversy giving rise to the proceeding. However, the existence of an alternative remedy should not be a ground for the refusal to proceed under this subchapter. 42 Pa.C.S. § 7541 states:

**(a) General rule.** This subchapter [the DJA] is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered.

**(b) Effect of alternative remedy.** The General Assembly finds and determines that the principle rendering declaratory relief unavailable in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished. The availability of declaratory relief shall not be limited by the provisions of 1 Pa.C.S. § 1504 (relating to statutory remedy preferred over common law) and the remedy provided by this subchapter shall be additional and cumulative to all other available remedies *except as provided in subsection (c).* (Emphasis added.)

**(c) Exceptions.** Relief shall not be available under this subchapter with respect to any:

(1) Action wherein a divorce or annulment of marriage is sought.

(2) Proceeding within the exclusive jurisdiction of a tribunal other than a court.

(3) Proceeding involving an appeal from an order of a tribunal.

---

**3.** 42 Pa.C.S. §§ 7531–7541.

■ The Commission objects to Petitioner's petition for declaratory judgment on the basis that its investigation is a proceeding within the exclusive jurisdiction of a tribunal other than the court, and thus, pursuant to the exception stated in 42 Pa.C.S. § 7541(c)(2), declaratory relief is not available. We have had occasion to address this argument in *Blackwell v. State Ethics Commission*, 125 Pa.Cmwlth. 42, 556 A.2d 988 (1989), *appeal quashed*, 523 Pa. 347, 567 A.2d 630 (1989), where three city councilmen challenged the jurisdiction of the Commission, and claimed that the exercise of the Commission's authority was unconstitutional. The Commission argued in *Blackwell*, as it does here, that the Commission's investigation fell under exception (c)(2). However, this Court stated:

> When, however, challenges—particularly constitutional challenges—are set forth questioning the validity of a statute itself or questioning the scope of a governmental body's action pursuant to statutory authority, then the Declaratory Judgments Act is properly invoked, because "the existence of an alternative remedy shall not be a ground for refusal to proceed...." 42 Pa.C.S. § 7537....

> We address petitioners' request for declaratory relief because we are of the opinion that petitioners' preliminary objections to the Commission's exercise of jurisdiction goes, "to the heart of [its] power...." (Citation omitted.)

*Id.*, at 991.

The issue raised in this declaratory judgment action is whether the Commission has jurisdiction over Petitioner, and whether the exercise of its authority is constitutional. These issues go to the heart of the Commission's power, and we therefore hold that exception (c)(2) does not apply, and declaratory relief is not precluded on this basis.

The Commission next argues, citing *Cloonan v. Thornburgh*, 103 Pa.Cmwlth. 1, 519 A.2d 1040 (1986), *appeal dismissed, sub. nom. Liquor Control Board v. Casey*, 516 Pa. 52, 531 A.2d 1391 (1987), that declaratory relief is not available because a declaratory judgment petition may not be used to challenge settled law, or to review already tested statutory provisions. The Commission contends that since it is well-established, in both case law and statutes, that Petitioner is among the class of persons to whom the conflict of interest provisions of the Act apply, declaratory relief is unavailable. However, this is a misreading of *Cloonan*.

■ We did not hold in *Cloonan* that the *availability* of declaratory relief to a petitioner is dependent on whether the law is either settled or unsettled on a particular matter. Rather, this Court held that the legal tool of declaratory judgment, "should only be exercised to illuminate an existing right, status or legal relation. It may not be used to search out new legal doctrine." *Id.* at 1045. Thus, *Cloonan* simply admonished the courts to avoid using a declaratory judgment proceeding to make new law, but instead to use it to declare the state of the existing law on a particular issue. Thus, *Cloonan* does not preclude the invocation of the DJA when one party believes the law is settled in a particular area. Petitioner here is properly invoking this proceeding to determine whether, under the existing state of the law, he is subject to the Commission's jurisdiction. Therefore, we hold that a declaratory judgment proceeding is available to Petitioner in the instant matter.

■ In *Ballou v. State Ethics Commission*, 496 Pa. 127, 436 A.2d 186 (1981), a solicitor to an industrial development authority filed a petition for review seeking injunctive and declaratory relief from the financial disclosure requirements of Section 4 of the Act. The Commonwealth Court had held, prior to the Supreme Court's grant of *allocatur*, that the solicitor was a "public employee," but that the financial disclosure provisions of the Act, as applied, were an unconstitutional infringement on the Pennsylvania Supreme Court's exclusive jurisdiction to govern the conduct of attorneys. The Supreme Court affirmed that a "municipal solicitor" was not subject to the Act, but for entirely different reasons. First, the Court then held that Mr. Ballou, in his capacity as solicitor, was neither a "public employee" nor a "public official," and hence was not statutorily compelled to comply with

the Act. Then, on the basis that it should not decide a constitutional question unless absolutely required to do so, the Supreme Court declined to reach the constitutional question. Accordingly, the Supreme Court affirmed only that portion of the Commonwealth Court's decision which held that the Act did not apply to the appellant/solicitor.

The Supreme Court stated:

Case law and the statutory language governing the duties of township and borough solicitors make clear that a solicitor functions as a legal advisor to the appointing body. The Commonwealth Court's conclusion that, as solicitor, appellee is a "public employee" within the meaning of the Ethics Act, is premised on the erroneous theory that compensation from public funds is synonymous with employment by the Commonwealth. Contrary to the Commonwealth Court's supposition, it is commonplace for a person to perform services and to be compensated for those services, and yet not be "employed," as that term is commonly understood. The Ethics Act recognizes this distinction by providing for a classification of *"state consultant"* separate and apart from the categories of "public employee" and "public official." Indeed, a municipal solicitor, functioning as a legal advisor to the appointing body, closely resembles a consultant who, as defined in the Ethics Act, "performs professional, scientific, technical, or advisory services ... [and] receives a fee, honorarium or similar compensation for such services." 65 P.S. § 402.

*Ballou*, 436 A.2d at 189.

However, the Commission argues that the Supreme Court overruled *Ballou* in a later case, *Maunus v. State Ethics Commission,* 518 Pa. 592, 544 A.2d 1324 (1988). In *Maunus,* the Supreme Court addressed for the first time the question of whether salaried attorneys employed by the government are subject to the provisions of the Act, in this case Liquor Control Board attorneys. The attorneys had argued that they were only subject to the Supreme Court's authority to discipline and regulate them. The Supreme Court disagreed. It stated:

[T]his Court is the only governmental body entitled to regulate and discipline the professional class of attorneys. No other component of our state government may impose duties applicable to every attorney admitted to practice in the Commonwealth, nor may another Commonwealth entity admit to practice or discipline an attorney. These prerogatives are within this Court's exclusive jurisdiction. *However, notwithstanding our substantial authority in this area, it is ludicrous to suggest that employers are constitutionally precluded from imposing ethical and professional requirements on their employees, some or all of whom may be attorneys. This is equally true where the employer is the Commonwealth or one of its subdivisions.*

Employers in the private sector may properly adopt professional and ethical standards and in pursuit thereof may require certain conduct of its employees, including attorneys, without running afoul of this Court's supervisory authority over the bar of this Commonwealth. Any intrusion upon the power of this Court to prescribe general rules governing the practice, procedure and conduct of judicial proceedings is viewed with the greatest of skepticism. See *In re 42 Pa.C.S. Sec. 1703,* 482 Pa. 522, 394 A.2d 444 (1978). However, a lawyer who contracts his or her services to an employer is like any other employee subject to the terms and rules of that employment, provided that they are in no way inimical to the ethical standards prescribed by this Court. For example, in order to avoid the appearance of impropriety, a law firm specializing in securities law may find it prudent to require its employees, including the attorneys on its staff, to disclose their personal securities holdings on a periodic basis. Likewise, public employers may find it appropriate to prohibit certain conduct or to eliminate conflicts of interest or such an appearance by requiring government employees to provide a financial disclosure statement on an annual basis. Such a requirement is to be distinguished from a legislative effort to prescribe rules of disclosure for members of the judiciary. See *In re 42 Pa.C.S. Sec. 1703,* supra. Members of the judiciary are not lawyers

acting on behalf of private employers. They are constitutional officers subject to the mandate of Article 5 and the rules prescribed pursuant thereto under section 10 of that Article. *Even though instant appellees are governmental employees, they are nonetheless subject to the reasonable regulation of their governmental employer as long as it does not conflict with the authority of this Court.*

\* \* \* \* \* \*

We perceive no basis upon which to conclude that appellees, as employees of a state agency, are entitled to an exemption from the disclosure requirements simply because they are attorneys. Nonetheless, appellees urge that *Ballou v. State Ethics Commission,* 56 Pa.Cmwlth.Ct. 240, 424 A.2d 983 (1981), aff'd. on other grounds, 496 Pa. 127, 436 A.2d 186 (1981), provides the reasoning to compel such a result.

\* \* \* \* \* \*

While we appreciate the extent to which appellees have attempted to zealously safeguard our supervisory authority over members of the bar of this Commonwealth, this matter is not within the category of cases which have *presented the factual predicate for concluding that our jurisdiction over the courts of Pennsylvania and its officers has been unconstitutionally usurped by the legislature through the Ethics Act.* See, e.g., *Kremer [v. State Ethics Commission,* 503 Pa. 358, 469 A.2d 593], *supra; Wajert v. State Ethics Commission,* 491 Pa. 255, 420 A.2d 439 (1980) (FN4); *Pennsylvania Public Utility Commission Bar Association v. Thornburgh,* 62 Pa.Cmwlth.Ct. 88, 434 A.2d 1327 (1981), aff'd., 498 Pa. 589, 450 A.2d 613 (1982). (Footnotes deleted, emphasis added.)

Shortly after *Maunus* was decided, the Supreme Court stated in *Office of Disciplinary Counsel v. Surrick,* 521 Pa. 264, 273, 555 A.2d 883, 888 (Pa.1989):

We have elsewhere acknowledged that our power to supervise the bar is not exclusive, that an attorney can be subject to the requirements imposed by this Court and to others imposed by the legislature, cf. *Maunus v. Commonwealth State Ethics Commission,* 518 Pa. 592, 544 A.2d 1324 (1988).

From these cases, it is settled law that if an attorney is a *salaried employee* of the governmental body, then he or she is governed by the provisions of the Act to the same extent as any other public employee. What the courts have not addressed is whether an attorney, as here, appointed by the mayor and confirmed by council but yet on retainer, is a "public official" and subject to the Act requirements. If the solicitor was hired as an employee, it would be appropriate to sustain the Commission's preliminary objections and dismiss the petition. If, on the other hand, he was on retainer, the declaratory judgment action should be allowed to proceed and the preliminary objections should be dismissed.[4]

The *Maunus* court specifically declined to overrule *Ballou,* and instead distinguished its holding from that of *Ballou* on the basis that *Ballou* concerned a municipal solicitor whose position was different from that of a salaried attorney employed by the government or a public agency. Thus, the Supreme Court stated:

We upheld the Commonwealth Court's order exempting Mr. Ballou from complying with the disclosure requirements *on the narrow finding that a township solicitor is neither a "public employee" nor a "public official" within the scope of the Ethics Act. Ballou v. State Ethics Commission,* 496 Pa. at 134–135, 436 A.2d at 187. Our decision [in *Ballou* ] specifically declined to address the application of the Act to attorneys employed in the public sector. *Ballou,* 496 Pa. at 130 n. 3, 436 A.2d at 187 n. 3.

*Id.* at 599, 544 A.2d at 1327, 1328.

The year after the *Maunus* decision, the legislature amended Section 4 of the Act[5] regarding financial disclosure, to state that,

---

**4.** Note that Pa.R.C.P. 1028(c)(2) also gives us the discretion to defer consideration to consider evidence "by deposition or otherwise" to resolve factual disputes raised in the preliminary objections.

**5.** 65 P.S. § 404.

"[p]ersons who are full-time or part-time solicitors for political subdivisions are required to file under this section." Thus, because the *Maunus* decision declined to overrule *Ballou* and to read Section 4 as requiring financial disclosure by "solicitors," the legislature amended the act to specifically require such financial filings from solicitors. At the same time, the legislature also amended Section 2 of the Act [6] to include a definition of the term "solicitor" as, "a person elected or appointed to the office of solicitor for the political subdivision." Significantly, the legislature did not add or include "solicitors" in its definition of "public employees" or "public officials."

While we agree with the Commission's conclusion that these amendments clearly indicate the legislature's intention to include "solicitors" among that class of persons required to file financial interest statements under Section 4, we can not agree that it was clearly the legislature's intent to include "solicitors," who are not normally full-time employees, but more like consultants, among that class of persons required to comply with the regulations regarding ethical and professional conduct under Section 3.

■■■■ This Court recently stated that "where the legislature includes specific language in one section of a statute and excludes it from another, it should not be implied where excluded." *Pennsylvania State Police Bureau of Liquor Control Enforcement v. Prekop*, 156 Pa.Cmwlth. 250, 627 A.2d 223, 226 (1993). Hence, according to this rule of interpretation, because the legislature amended the Act in 1989 and added "solicitors" to those "public employees" and "public officials" who must comply with the financial disclosure requirements in Section 4 of the Act, but excluded this language concerning "solicitors" from Section 3, we may not infer that "solicitors" were intended to be included under Section 3. Moreover, the legislature's decision not to add "solicitors" to the definition of "public employee" or "public official," but instead to define solicitors in a separate category further undermines the inference that the conflict of interest prohibition in Section 3(a), which applies to "public officials" and "public employees,"

necessarily applies to "solicitors." Therefore, given the uncertainty on this matter, the grant of preliminary objections on this basis would be improper.

Both Petitioner and the Commission agree that Petitioner was a municipal solicitor. However, the Commission asserts that Petitioner was a full-time salaried attorney, whose employment status is similar to that of the attorneys employed by the Pennsylvania Liquor Control Board in the *Maunus* case. In contrast, Petitioner alleges he was engaged in the private practice of law at the same time he served as a part-time "solicitor," and hence he is more like the solicitor in *Ballou*, and more like a consultant who is not a "public employee" subject to the Act.

■■■■ "[P]reliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer." *Mellon Bank, N.A. v. Fabinyi*, 437 Pa.Superior Ct. 559, 567, 650 A.2d 895, 899 (1994). Thus, it would not be proper for this Court to address this factual dispute which can not be resolved by the Court on the basis of the preliminary objections. Moreover, in order to sustain preliminary objections in the nature of a demurrer, it is essential that it be clear and free from doubt that the petitioner's claims may not be sustained, and that the law will not permit the relief requested. If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank v. Fabinyi.* It is certainly not clear and free from doubt, under both *Maunus* and the 1989 amendments to the Act, that the law will not sustain Petitioner's claim for declaratory relief. Therefore, the Commission's preliminary objections in the nature of a demurrer to Petitioner's claim for declaratory relief must be overruled.

■■■■ Next, the Commission argues that Petitioner is not entitled to a permanent injunction, enjoining the Commission from taking further action in this matter. For a

---

**6.** 65 P.S. § 402.

party to prevail on a petition for a permanent injunction, the party:

> [M]ust establish that his right to relief is clear; that there is an urgent necessity to avoid an injury which cannot be compensated for by damages; and the greater injury will result from refusing rather than granting the relief requested. [Citation omitted.] This Court is precluded from granting injunctive relief where an adequate remedy exists at law. [Citation omitted.]

*Merchant v. State Board of Medicine,* 162 Pa.Cmwlth. 332, 638 A.2d 484, 487 (1994). Conversely, for the opposing party to prevail on preliminary objections in the nature of a demurrer to such a claim for injunctive relief, the court must find that the petition is clearly insufficient to establish a right to injunctive relief, and any doubt must be resolved in overruling the demurrer. *Olon v. Pennsylvania Department of Corrections,* 147 Pa. Cmwlth. 22, 606 A.2d 1241, *rev'd on other grounds,* 534 Pa. 90, 626 A.2d 533 (1992).

█ With these standards in mind, we must consider whether preliminary objections should be granted. The Commission first contends that it is clear that Petitioner has no right to declaratory relief. Given our holding above that it is *not* clear and free from doubt relating to the status of Petitioner as an employee of the City, we find no merit to this contention and, based thereon, overrule the Commission's preliminary objection.

█ Next, the Commission argues that it is clear that Petitioner will not be able to establish facts sufficient to show that there is no urgent necessity to avoid an injury which cannot be adequately compensated for by damages. However, at this time, it remains to be seen, whether, or to what extent, there is injury to Petitioner's reputation because of the proceedings before the Commission, although there is a reasonable possibility of such injury. We have held that reputation is a fundamental right under the Pennsylvania Constitution, which is entitled to the protections of procedural due process. *Pennsylvania Bar Association v. Commonwealth,* 147 Pa.Cmwlth. 351, 607 A.2d 850 (1992). Therefore, it would be pre-

mature to conclude that it is clear that there is no urgent necessity to avoid injury for which damages would not provide adequate compensation. It would also be premature to decide that Petitioner will clearly not be able to establish that the greater injury will result from refusing rather than granting the relief requested here.

█ The Commission argues that Petitioner has an adequate remedy at law because the issuance of an order by the Commission is an adjudication which is subject to appeal and review of this Court as a matter of right. However, Petitioner in this proceeding is challenging the power of the Commission to prosecute him and to adjudicate the issues before it, and therefore, it is not an adequate remedy to take an appeal from an order of the agency which Petitioner contends has no jurisdiction in this matter.

Thus, we overrule the Commission's preliminary objections to Petitioner's claim for a permanent injunction, because it is *not* clear that Petitioner will be unable to establish facts sufficient to justify injunctive relief.

Accordingly, the preliminary objections of the Commission are overruled, and the Commission is directed to answer the petition for declaratory and injunctive relief.

### ORDER

AND NOW, this 8th day of January, 1996, the preliminary objections of the Commission, dated May 26, 1995, are overruled and the Commission shall answer the petition for review in the nature of a complaint for declaratory judgment and for injunctive relief. Pursuant to Pa.R.A.P. 1516(c), this answer is due in thirty (30) days.