**Peter VEGA, Petitioner**

v.

**Jeffrey A. BEARD, Secretary Pennsylvania Department of Corrections, Ben Varner, Superintendent SCI Smithfield, et al, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 2003.

Decided March 24, 2004.

---

Peter Vega, petitioner, pro se.

Alan M. Robinson, Camp Hill, for respondent.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

Peter Vega (Vega), an inmate at a state correctional facility, filed, *pro se,* an action in this Court's original jurisdiction based on the claim that Jeffrey A. Beard, in his capacity as Secretary of the Pennsylvania Department of Corrections (DOC), and Ben Varner, in his capacity as Superintendent at the State Correctional Institution at Smithfield, (collectively Respondents), improperly deducted funds from his inmate account to pay child support pursuant to a civil action consent support order issued by the Juvenile and Domestic Relations Court of the Superior Court of New Jersey. In his amended petition, Vega avers that he is subject to a New Jersey

child support order that directs him to pay $15.00, plus $5.00 in arrears, on a weekly basis. He also pleads that the Camden County, New Jersey Probation Department sent a notice to DOC directing that 50% of his inmate account be deducted each month to satisfy the obligations of the order.

■ Vega seeks to enjoin Respondents from making any deductions from his inmate account pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. § 9728(b)(5), commonly referred to as Act 84, until he has been provided a hearing on his ability to pay. Additionally, Vega also argues that his rights are being violated because DOC is deducting 50% of his inmate account each month rather than the "sum certain" of $15.00 plus $5.00 per week. Finally, Vega argues that Respondents violated the Uniform Interstate Family Support Act (UIFSA), 23 Pa.C.S. § 7101–7901. Respondents filed a preliminary objection in the nature of a demurrer, to which Vega filed a reply[1] and, in the alternative, a motion for leave to amend, which we will dismiss as moot in light of our disposition of this matter.

■ When reviewing preliminary objections in the nature of a demurrer to a petition for injunctive relief, we sustain the objection only where the underlying petition is insufficient to establish a right to relief. *P.J.S. v. Pennsylvania State Ethics Commission*, 669 A.2d 1105 (Pa. Cmwlth.1996). Any doubt must be resolved in favor of the party seeking the injunction. *Id.* Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. *Simmons v. Township of Moon*, 144 Pa.Cmwlth. 198, 601 A.2d 425 (1991).

Vega pled that the deductions currently taken from his inmate account are not authorized by the child support order and that he has not been afforded a hearing to determine his ability to pay. Respondents state in their demurrer that there is no statutory requirement for a hearing on an inmate's ability to pay pursuant to Section 9728(b)(5).

■ Section 9728(b)(5) authorizes DOC to make monetary deductions for "the purpose of collecting restitution or any other *court-ordered* obligation." (Emphasis added.) Act 84 provides a procedure for DOC to collect fines and court costs for which a defendant is liable pursuant to a previous court order. *Sweatt v. Department of Corrections*, 769 A.2d 574 (Pa.Cmwlth.2001). Therefore, DOC is correct that, with regard to a "court-ordered obligation" under the Act, an inmate has no right to injunctive relief against DOC to end deductions from his inmate account pending a hearing into his financial ability to pay; rather, the remedy to challenge the deduction of funds from an inmate account is via a challenge to the sentencing court's order brought before that court. *Buck v. Beard*, 834 A.2d 696 (Pa.Cmwlth.2003); *Harding v. Stickman*, 823 A.2d 1110 (Pa.Cmwlth. 2003). However, this does not address the real issue in this case, which is whether a

---

1. In his reply, Vega contends that Respondents were afforded two chances to file preliminary objections and that under the pleading rules, specifically Pa. R.C.P. No. 1028(b), all preliminary objections must be raised at one time. In general this is true. However, in this instance, Vega did not initially serve his petition for review on Respondents, and they learned of the lawsuit only by receiving this Court's notice of filing of a petition for review. Consequently, the only preliminary objection they could raise was lack of service. Once Vega cured this defect, we, by order, allowed Respondents to file additional preliminary objections. Given that Vega had not initially served his petition on Respondents at all, we find no error in allowing Respondents to file additional preliminary objections once he did so.

**child support order issued by a civil court** is a "court-ordered obligation" for purposes of Section 9728(b)(5).

The provision at issue, Section 9728(b)(5), is contained in the Sentencing Code, and within the Sentencing Code, "court" is repeatedly used throughout the Sentencing Code to refer to the *sentencing* court. For example, "the court shall conduct a separate sentencing hearing" (42 Pa.C.S. § 9711(a)(1)), "the court may impose a sentence of guilty without further penalty" (42 Pa.C.S. § 9723), "the court may impose a sentence involving partial confinement" (42 Pa.C.S. § 9724), "the court shall impose a sentence of total confinement" (42 Pa.C.S. § 9725), "the court may, as authorized by law, sentence the defendant only to pay a fine" (42 Pa.C.S. § 9726(a)), "[b]efore imposing sentence, the court shall hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled" (42 Pa.C.S. § 9727(a)). Section 9730.1 of the Sentencing Code, 42 Pa.C.S § 9730.1, which concerns collection of court costs, restitution and fines by a private collection agency, defines "amount owing" as [t]he total amount owed by the defendant on fines, costs or restitution *in accordance with the order of the court sentencing the defendant* .... (emphasis added). In addition, subchapters in the Sentencing Code include: Sentencing Authority, Sentencing Alternatives and Imposition of Sentence and Section 9728 is contained with the Sentencing Alternatives subchapter.

Furthermore, the general rule in Section 9728(a)(1) specifies that the "restitution, reparation, fees, costs, fines and penalties are part of a *criminal* action or proceeding ...". *See generally, Buck,* 834 A.2d at 699 (cases cited therein all concern financial obligations arising from a *sentencing* court's order). Vega alleges that the order in question is a child support order issued pursuant to a *civil* domestic relations proceeding, *not* as part of a **criminal** proceeding.

■ Deductions cannot be made from an inmate's account, under Section 9728(b)(5), pursuant to a court order that is not part of a criminal proceeding. It is, therefore, not at all clear that DOC has any authority under Section 9728(b)(5) to deduct funds from Vega's account pursuant to the order involved here. Accordingly, because there is doubt that the petition for review is insufficient to establish a right to relief, under *P.J.S.,* the demurrer must be overruled.

For the foregoing reasons, we overrule Respondents' preliminary objection and direct that an answer be filed.

### O R D E R
**NOW,** March 24, 2004, the preliminary objection in the nature of a demurrer is overruled and Respondents are directed to file an answer within 30 days of entry of this order. Petitioner's motion for leave to amend is dismissed as moot.

FRIEDMAN, J., dissents and files opinion.

Concurring and Dissenting Opinion by Judge FRIEDMAN.

I agree that this court should overrule the demurrer filed by the Department of Corrections (Department) in this case, but I disagree with the majority's rationale for doing so. Thus, I write separately.

Peter Vega (Vega) is serving a term of life imprisonment. (Petition, ¶¶ 8, 23.) On October 9, 1996, the Camden County Probation Division (Camden Probation) in Camden, New Jersey, notified the Department that a Camden County court had ordered a wage execution on Vega in connection with child support obligations.

(Petition, ¶ 9, ex. A.) Camden Probation asked the Department to deduct 50% of Vega's monthly income pursuant to the court order. *Id.* On June 17, 1997, the Department began taking 50% of all the money in Vega's inmate account to pay Vega's court-ordered child support obligations in New Jersey. (Petition, ¶ 14.)

On February 20, 1998, in a letter to the superintendent of the State Correctional Institution at Smithfield (SCI–Smithfield), Vega contested the 50% deductions and requested a copy of the court order. (Petition, ¶ 15, ex. B.) In August of 1999, Vega met with prison officials at SCI–Smithfield, who told him that the Department had no court order, but the Department was authorized to make the deductions pursuant to section 9728(b)(5) of the Sentencing Code;[1] however, section 9728(b)(5) was not enacted until June 18, 1998, and did not become effective until 120 days later. (Petition ¶ 19, ex. C.)

In January of 2002, Vega filed a grievance to stop the deductions. (Petition, ¶ 20, ex. D.) On February 7, 2002, the Department issued its initial review response, stating that: (1) the Department has requested a copy of the December 17, 1991, court order from Camden Probation; (2) the Department would provide Vega with a copy of the order; and (3) the deductions would continue. (Petition, ¶ 21, ex. E.)

On February 21, 2002, the Department provided Vega with a copy of an August 27, 1984, consent order for child support from the Superior Court of New Jersey. (Petition, ¶ 24, ex. F.) The order states that Vega shall pay, through Camden Probation, the sum of $15.00 per week, plus $5.00 per week on arrears. (Petition, ¶ 25, ex. F.)

Vega filed a petition for review in this court's original jurisdiction, seeking: (1) a declaratory judgment stating that the Department has violated Vega's procedural due process rights by taking his property without a hearing; (2) a permanent injunction directing the Department to cease deductions until he has been afforded due process; (3) mandamus relief requiring the Department to hold a proper hearing; and (4) damages to reimburse Vega for deductions made from his inmate account in violation of his due process rights. The Department has filed a preliminary objection in the nature of a demurrer, arguing that section 9728(b)(5) authorizes the Department to make monetary deductions from inmate accounts, without a hearing, to collect any court-ordered obligation.

In ruling on a preliminary objection in the nature of a demurrer, a court must determine whether the law says with certainty, based on the well-pleaded facts, that no recovery or relief is possible. *P.J.S. v. Pennsylvania State Ethics Commission,* 669 A.2d 1105 (Pa.Cmwlth.1996), *aff'd,* 555 Pa. 149, 723 A.2d 174 (1999). As indicated, Vega seeks declaratory relief, injunctive relief, mandamus relief and an award of damages.

### I. Declaratory Relief

Vega seeks a declaration that the Department violated his due process rights by making 50% monthly deductions from his inmate account to collect child support payments ordered by a New Jersey civil court. The Department informed Vega that it was making the deductions pursuant to section 9728(b)(5) of the Sentencing Code.

In overruling the Department's demurrer, the majority concludes that, although section 9728(b)(5) authorizes the Department to make deductions from inmate accounts to collect "sentencing-court-or-

---

1. 42 Pa.C.S. § 9728(b)(5).

dered" obligations imposed in criminal proceedings, section 9728(b)(5) does *not* authorize the Department to make such deductions to collect "civil-court-ordered" obligations. (*See* Majority op. at 156.) Thus, the majority holds that Vega would be entitled to declaratory relief on this issue. I disagree.

### A. Plain Language

Section 9728(b)(5) of the Sentencing Code states that the Department "shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting *restitution or any other court-ordered obligation*." 42 Pa.C.S. § 9728(b)(5) (emphasis added).

When the words of a statute are clear and free from ambiguity, the letter is not to be disregarded under the pretext of pursuing the spirit of the statute. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). I submit that the words "any other court-ordered" are clear and free from all ambiguity and, by themselves, do *not* limit the word "obligation" to *only* those obligations imposed by a sentencing court in a criminal proceeding. Certainly, if the legislature wanted to restrict the obligations collected by the Department to "sentencing-court-ordered" obligations, it could have done so. As the majority has shown, other provisions of the Sentencing Code *specifically* refer to a sentencing court by using the words "sentence" or "sentencing" in conjunction with the word "court." (*See* majority op. at 156.) In my view, the legislature's failure to use such words in section 9728(b)(5) indicates its intent to allow the Department to collect *both* "civil-court-ordered" *and* "sentencing-court-ordered" obligations.

### B. Context

I also note that the legislature does *not* use the phrase "restitution or any other court-ordered obligation" in other subsections of section 9728. Instead, the legislature provides a *list* of the *specific* obligations to be collected. Thus, section 9728(a)(1) states that the county shall collect "restitution, reparation, fees, costs, fines and penalties." 42 Pa.C.S. § 9728(a)(1). Similarly, section 9728(a)(2) states that the county may refer the collection of "restitution, reparation, fees, costs, fines and penalties" to a private collection agency. 42 Pa.C.S. § 9728(a)(2). Likewise, section 9728(b)(1) states that the clerk of courts shall send certified copies of all judgments for "restitution, reparation, fees, costs, fines and penalties" exceeding $1,000 to the prothonotary. 42 Pa.C.S. § 9728(b)(1). Again, section 9728(b)(2) states that the clerk of courts may transmit certified copies of all judgments for "restitution, reparation, fees, costs, fines and penalties" not exceeding $1,000 to the prothonotary. 42 Pa.C.S. § 9728(b)(2). Finally, section 9728(b)(3) states that the clerk of courts shall transmit to other agencies copies of orders for "restitution ... reparation, fees, costs, fines and penalties." 42 Pa.C.S. § 9728(b)(3).

Although the legislature used the list *five* times in sections 9728(a) and (b), the legislature did *not* use the list in section 9728(b)(5). Certainly, if the legislature intended to limit the collection of inmate obligations to "restitution, reparation, fees, costs, fines and penalties," the legislature could have simply repeated the list one more time. Because the legislature did not do so, I believe the phrase "restitution or any other court-ordered obligation" must include more than "restitution, reparation, fees, costs, fines and penalties."

### C. Unified Judicial System

The phrase "any other" in "any other court-ordered obligation" is *not* a phrase of

limitation. Nevertheless, the majority limits the obligations covered by section 9728(b)(5) by focusing on the word "court" in the hyphenated word "court-ordered" and by limiting its meaning to "sentencing court." However, "courts" are constitutional creatures, and we presume that the statutes of this Commonwealth do not speak of "courts" in a manner that is contrary to the Pennsylvania Constitution.[2]

A "sentencing court" is *not* a separate type of "court" under the Pennsylvania Constitution. Article V, Section 1 of the Pennsylvania Constitution states that the judicial power shall be vested in a "unified judicial system" consisting of the Supreme Court, the Superior Court, the Commonwealth Court, the courts of common pleas, community courts, municipal and traffic courts and such other courts as may be provided by law. Pa. Const., art. V, § 1. If a "sentencing court" is not a type of court, then I fail to see how the word "court" in section 9728(b)(5) can mean "sentencing court."

### D. Administrative Interpretation

To the extent that the word "court-ordered" in section 9728(b)(5) can be considered ambiguous, i.e., capable of more than one reasonable meaning, this court may ascertain the intent of the legislature by considering administrative interpretations. Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(8).

Here, the Department, which was required to develop guidelines relating to its responsibilities under section 9728(b)(5), has interpreted the word "court-ordered" to mean both "civil-court-ordered" *and*

"sentencing-court-ordered." The Department's interpretation makes sense in light of its duty to manage the flow of money into and out of inmate personal accounts. If section 9728(b)(5) only authorizes the Department to develop guidelines with respect to the collection of "sentencing-court-ordered" obligations *but not* the collection of "civil-court-ordered" obligations, then the Department's guidelines are *useless* in determining which obligations would have a higher priority.[3]

Because I conclude that the Department has authority under section 9728(b)(5) to make monetary deductions from Vega's inmate account to collect civil-court-ordered child support, I would sustain the Department's demurrer with respect to Vega's request for declaratory relief.

### II. Injunctive Relief

Vega also seeks a permanent injunction to prohibit the Department from making further deductions without a proper hearing. Having overruled the Department's demurrer with respect to the declaratory relief, the majority does not address Vega's request for injunctive relief.

I begin by noting that the Department is *required* by law to comply with an out-of-state court order attaching an inmate's income for child support. Under sections 7501.1(c) and 7501.4 of the Uniform Interstate Family Support Act (Support Act), an "employer" must comply with an income-withholding order issued in another state for child support or be subject to penalties. 23 Pa.C.S. §§ 7501.1(c) and 7501.4. The Department qualifies as an "employer" under the Support Act because

---

2. We presume that the legislature does not intend to violate the Pennsylvania Constitution. Section 1922(3) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(3).

3. Under section 8127(b) of the Judicial Code, an "order for the attachment for support shall have priority over any other attachment, execution, garnishment or wage assignment." 42 Pa.C.S. § 8127(b).

it is a Commonwealth agency paying Vega "income," which is "any form of payment due to and collectible by an individual." Section 4302 of the Domestic Relations Code, 23 Pa.C.S. § 4302.

Here, once the Department received the New Jersey court order in February of 2002, the Department was required to comply with it. The question, however, is whether the Department *is* complying with the New Jersey court order by deducting 50% from Vega's inmate account each month. The order requires that Vega pay Camden Probation $15.00 per week, plus $5.00 per week on arrears, a total of $80.00 per month.[4] To meet this obligation, Camden Probation has asked the Department to deduct 50% of Vega's monthly income. According to Exhibit C of Vega's petition, the Department deducted $13.80 in March, April, May, June and July of 1999 and $26.22 in August and November of 1999 toward Vega's child support obligation. It is not clear from Exhibit C whether the Department has made the deductions from Vega's *income* or, as Vega alleges, from *all* of the money in his account, whether it be income or gifts.

Because I cannot determine whether the Department is complying with the court order, I would overrule the Department's demurrer with respect to Vega's request for injunctive relief.

### III. Mandamus Relief

Vega seeks a mandamus directing the Department to hold a hearing with respect to the deductions from his inmate account.

The majority does not address Vega's request for mandamus relief.

Section 7501.5 of the Support Act states that an obligor may contest the validity or enforcement of an income-withholding order issued in another state and received by an employer in this state. 23 Pa.C.S. § 7501.5. When the obligor does so, the obligor must give notice to the employer, the agency designated to receive payments and any support agency providing services to the obligee. *Id.* In other words, the Department is *not* required to conduct a hearing before making deductions from Vega's inmate account pursuant to an out-of-state child support order. However, if Vega desires a hearing, Vega may contest the validity or enforcement of the New Jersey support order in a proper forum and give notice to the Department, to Camden Probation and to any agency providing support to Vega's children.[5]

Because the Department does not have a duty to hold a hearing before making deductions pursuant to an out-of-state court order for child support, I would sustain the demurrer with respect Vega's request for mandamus relief.

### IV. Damages

Finally, Vega seeks damages from the Department to reimburse him for the money that the Department deducted from his inmate account before the Department obtained a copy of the New Jersey court order. The majority does not address Vega's request for damages.

In *Harding v. Stickman*, 823 A.2d 1110 (Pa.Cmwlth.2003), this court held that,

---

**4.** The total amount in arrears is $1,485.00, based on Vega's failure to pay ninety-nine weeks of support at $15.00 per week; however, the court directed that $500.00 cash bail be applied toward the arrears, leaving a balance of $985.00 in arrears.

**5.** Although this case involves a New Jersey court order, I note that, in *Yerkes v. Yerkes*, 573 Pa. 294, 824 A.2d 1169 (2003), our supreme court held that, in Pennsylvania, an inmate is not entitled to modification of a child support order based solely on the inmate's inability to pay due to his incarceration.

where an inmate alleges that the Department has unlawfully deducted money from his account, the inmate has no remedy for reimbursement against the Department because the Department has sent the monetary deductions to the probation department. Here, the Department sent the money to Camden Probation, which was collecting the money for the support of Vega's children pursuant to a New Jersey court order. Vega does not challenge the court order here.[6]

Accordingly, I would sustain the Department's demurrer with respect to Vega's request for damages.

---

**6.** I note that the consent order is signed by "Edgardo Vega." (Petition, ex. F.) Vega does not assert that the signature is not his.