IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cory Stephen Lambing,                           :
                    Petitioner                   :
                                                 :
          v.                                     :
                                                 :
Pennsylvania Department                          :
of Corrections,                                  :     No. 488 M.D. 2017
                    Respondent                   :     Submitted: August 24, 2018


BEFORE:     HONORABLE ROBERT SIMPSON, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED:  December 19, 2018


          Before this Court in our original jurisdiction are the preliminary
objections of the Pennsylvania Department of Corrections (Department) to Cory
Stephen Lambing's (Lambing) *pro se* petition for review seeking injunctive relief.
Lambing's petition for review asks this Court to direct the Department to cease
deducting funds from Lambing's inmate account to pay court-ordered fines, costs
and restitution.  For the reasons that follow, we overrule in part and sustain in part
the preliminary objections of the Department.

          In January and March of 2008, Lambing was convicted of attempted
theft, theft by deception, theft by unlawful taking and forgery and was sentenced to
20 to 48 months' imprisonment.  Petition for Review at 3, ¶ 2 & Exhibit C,
Sentencing Orders.  Lambing avers that he was ordered to pay fines, costs and

restitution totaling $6,314.85. Petition for Review at 3, ¶ 2 & Exhibit C, Sentencing Orders. The Department began deducting money from Lambing's inmate account at least as early as November 12, 2008. *See* Petition for Review, Exhibit G, Payment Summary. Lambing further avers he was granted parole after 20 months' imprisonment, but was reincarcerated due to a technical parole violation and served the remainder of his prison sentence. Lambing's Brief in Opposition to Department's Preliminary Objections at 4. Lambing is currently incarcerated at the State Correctional Institution at Forest due to a separate conviction. Petition for Review at 2, ¶ 1 & Certificate of Service. At some point during his present period of incarceration, Lambing filed a grievance through the Inmate Grievance System challenging the Department's deduction of monies from his inmate account. *See* Petition for Review, Exhibit E, Final Appeal Decision. Lambing appealed the grievance officer's response to the facility manager and then submitted an appeal for final review. *See id*. On September 18, 2017, the Office of Inmate Grievances & Appeals of the Secretary of Corrections issued a final appeal decision rejecting Lambing's challenge. Petition for Review, Exhibit E, Final Appeal Decision. Lambing then filed a petition for review in this Court's original jurisdiction.

Before this Court, in asking us to direct the Department to cease deducting funds from his inmate account to pay court-ordered fines, costs and restitution, Lambing makes the following claims. First, Lambing argues that he was entitled to a hearing to determine his ability to pay fines, costs and restitution before the Department began deducting funds from his inmate account. Petition for Review at 3, ¶ 3; Lambing's Brief in Opposition to Department's Preliminary Objections at 7. Second, Lambing contends that the Department lacked an order authorizing the deduction of funds. Petition for Review at 5, ¶ 15 (emphasis in original). Finally,

2

Lambing asserts that the "[j]udge actually directed [Lambing] to pay [c]osts and fines while he was on supervision[1] only and NOT while he was incarcerated." Petition for Review at 3, ¶ 3 (emphasis in original). In response, the Department filed preliminary objections in the nature of a demurrer.

Preliminary objections "are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom . . . ." *Lennitt v. Dep't of Corr.*, 964 A.2d 37, 40 (Pa. Cmwlth. 2008). "The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Thomas v. Corbett*, 90 A.3d 789, 794 (Pa. Cmwlth. 2014). "When reviewing preliminary objections in the nature of a demurrer to a petition for injunctive relief, we sustain the objection only where the underlying petition is insufficient to establish a right to relief." *Vega v. Beard*, 847 A.2d 153, 155 (Pa. Cmwlth. 2004). "Any doubt must be resolved in favor of the party seeking the injunction." *Id.*

We first address the Department's preliminary objection to Lambing's claim that he was entitled to a hearing to determine his ability to pay fines, costs and restitution before the Department began deducting funds from his inmate account. Lambing asserts, "[i]t is clear that this collection is causing [Lambing] personal hardship and should not stand." Petition for Review at 5, ¶ 19. The Department argues that "[t]he Supreme Court of Pennsylvania has rejected the argument that an inmate is entitled to an ability to pay hearing under 42 Pa. C.S. § 9730(b) prior to the Department commencing Act 84 deductions,"[2] citing *Buck v. Beard*, 879 A.2d

---

[1] It appears that Lambing uses the term "supervision" to mean the period of parole.

[2] Act of June 18, 1998, P.L. 640. "Act 84 deductions" refers to those made pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. § 9728(b)(5).

157 (Pa. 2005). Department's Preliminary Objections at 3. In *Buck v. Beard*, the Supreme Court of Pennsylvania held that an inmate is not entitled to a "specific judicial determination of ability to pay before the Department may deduct payments for fines, costs, or restitution," because the sentencing hearing provides "the required pre-deprivation due process." 879 A.2d at 160-61. Thus, the Department's demurrer to Lambing's claim that he was entitled to a hearing to assess his ability to pay is sustained.

With regard to Lambing's claim that the Department lacked an order authorizing the deduction of funds, the Department objects, contending that "[it] possesses statutory authority to make the deductions to satisfy [c]ourt-[o]rdered fines, costs, and restitution under Act 84," and that "[n]o express judicial order directing deductions is necessary," citing *Boyd v. Pennsylvania Department of Corrections*, 831 A.2d 779 (Pa. Cmwlth. 2003). Department's Preliminary Objections at 4. In *Boyd*, this Court held: "It is well established that Subsection (b)(5) [of 42 Pa. C.S. § 9728] authorizes the Department to make monetary deductions from an inmate's account to pay court ordered fines and costs and does not impose prior court authorization as a threshold condition." 831 A.3d at 782 (citations omitted). The Department need not obtain a separate "court order authorizing the 'act' of deducting those funds." *Id.* at 783. Accordingly, we also sustain the Department's demurrer to Lambing's contention that the Department was unable to present an order authorizing the deductions of funds from his inmate account.

Lambing asks this Court "to issue an ORDER which would direct the Department . . . to stop deducting 20% of his incoming funds to pay for Court Costs and Fines that were incurred during his sentencing and conviction stages of his

4

criminal charges . . . and to begin deducting them again at a later date when [he] is financially able to make the payments without said payments causing him financial duress and hardship; **OR** to [s]top the payments all-together until [he] is released from incarceration and becomes gainfully employeed [sic] and is able to make said payments on his own." Petition for Review at 2 (emphasis in original). Lambing supports his request by alleging that the sentencing order delays payment of fines, costs and restitution until after his release from prison. Petition for Review at 3, ¶ 3 (emphasis in original). Lambing attached seven sentencing orders to his petition for review, three of which are dated January 25, 2008, and four of which are dated March 17, 2008. Four of these orders impose fines, costs and restitution, of which three contain the following disputed language:[3]

> The defendant *shall pay the total due in monthly installments during the period of parole* in accordance with a payment schedule set by the Fayette County Clerk of Courts. In addition, the defendant will abide by all of the usual terms and conditions of parole.

Petition for Review, Exhibit C, Sentencing Orders (emphasis added).

In response to Lambing's contention regarding the timing of the deductions, the Department argues that "[t]he [s]entencing [o]rders do not delay Lambing's financial obligations until his release from incarceration." Department's Preliminary Objections to Petition for Review at 4, ¶ 11. The Department reasons that the disputed language in the sentencing orders "applies to the remaining balance due after deductions at the time [Lambing] is paroled (if he ever is granted parole)."

---

[3] Lambing only provided the first page of the fourth order, dated January 25, 2008, and it is evident that subsequent pages are missing. *See* Petition for Review, Exhibit C, Sentencing Orders.

5

*Id.* Alternatively, the Department contends that, "[e]ven if the language did defer collection until parole, the triggering event for collections has already occurred, as Lambing has been paroled on the sentences and then re-incarcerated on other charges." Brief in Support of Department's Preliminary Objections to the Amended Petition for Review (Brief in Support) at 7-8. Further, the Department maintains that "[t]here is no clear intention on the face of the order to indicate that the [s]entencing [c]ourt intended to override the Department['s] . . . statutory authority to collect fines, costs and restitution from [Lambing's] inmate account." Department's Preliminary Objections to Petition for Review at 4, ¶ 11. The Department further asserts that, "in cases where the language is ambiguous, the presumption should be that the Department['s] . . . authority to collect the funds controls." Brief in Support at 8. The Department also contends that, because parole is not guaranteed in Pennsylvania, the sentencing court could not have intended to defer Lambing's payments until his release from prison. Brief in Support at 8-9 (citing *Evans v. Pa. Bd. of Prob. and Parole*, 820 A.2d 904, 913 (Pa. Cmwlth. 2003) ("Parole is nothing more than a possibility.")).

We find that the Department's attempts to clarify the language of the sentencing orders only serve to highlight their ambiguity. The sentencing orders clearly provide that Lambing shall pay the "total due" during the period of parole — this express direction does not support the Department's inference that the sentencing court intended for Lambing to pay any remaining balance due upon parole. Further, we are not persuaded by the Department's alternative argument that Lambing must pay now because the "triggering event" of reaching parole has already passed. The language of the sentencing orders fails to specify whether payments are due only "during the period of parole" following the term of incarceration for which

the sentencing orders provide, or following any period of incarceration. Moreover, the Department's assertion that any ambiguity regarding interpretation of the language of a sentencing order should be resolved in favor of the Department's authority to collect funds is not consistent with established precedent. *See Morgalo v. Gorniak*, 134 A.3d 1139, 1155-56 (Pa. Cmwlth. 2016) (overruling the Department's demurrer where "the trial court's sentencing orders . . . [were] grossly ambiguous" and it was "unclear whether the trial court's order require[d] all or certain of [the inmate's] payments to begin only at or after parole"). In addition, when considering preliminary objections to a petition for injunctive relief, any doubt must be resolved in favor of the party seeking the injunction. *Vega v. Beard*, 847 A.2d 153, 155 (Pa. Cmwlth. 2004).

Because it is unclear whether the sentencing orders delay Lambing's obligation to begin paying fines, costs and restitution until his release from incarceration, the Department has failed to establish that the claim in Lambing's petition for review challenging the timing of the Department's deductions of funds from his inmate account is insufficient to establish a right to relief. Therefore, we overrule this preliminary objection.

Accordingly, we overrule in part and sustain in part the Department's preliminary objections in the nature of a demurrer to Lambing's petition.

_____
CHRISTINE FIZZANO CANNON, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cory Stephen Lambing,          :
                Petitioner       :
                          :
          v.                :
                          :
Pennsylvania Department   :
of Corrections,             :   No. 488 M.D. 2017
                Respondent   :

O R D E R

AND NOW, this 19th day of December, 2018, the preliminary objections in the nature of a demurrer filed by the Department of Corrections (Department) are overruled in part and sustained in part in accordance with the foregoing opinion.  The Department is directed to file an answer within 30 days of entry of this order.

_____
CHRISTINE FIZZANO CANNON, Judge