# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lee Stewart,                                           :
                            Petitioner               :
                                                      :
            v.                                        :   No. 361 M.D. 2018
                                                      :   Submitted: March 8, 2019
(Office of the Clerk) for Cumberland                 :
County Common Pleas Court,                           :
Pennsylvania Department of                           :
Corrections,                                          :
                            Respondents              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED:  August 23, 2019**

Before us are two sets of preliminary objections in the nature of demurrers filed by the Department of Corrections (DOC) and by the Office of the Clerk for the Cumberland County Court of Common Pleas (Clerk) (collectively, Respondents) to Lee Stewart's (Stewart) amended petition for review for declaratory and injunctive relief. Stewart, unrepresented by counsel, contests deductions from his inmate account under Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. §9728(b)(5), commonly known as Act 84. Based on the 17-year delay, Stewart claims Clerk is precluded from collecting court-ordered costs and fines. He also challenges the deductions from his account without a hearing when the sentence was imposed in 2000, and he completed serving his sentence in 2004. In addition, he disputes the amount due. We overrule both sets of preliminary objections in part, sustain them in part, and we direct Respondents to answer the amended petition for review.

## I. Background

Stewart, an inmate incarcerated at the State Correctional Institution (SCI)-Dallas, filed an amended petition for review in August 2018. The facts as alleged in his amended petition follow.

Stewart was sentenced in the Cumberland County Court of Common Pleas (sentencing court), by The Honorable Kevin A. Hess, on December 19, **2000**, to 1 to 2 years' confinement for possession of a controlled substance with intent to deliver. The sentence also imposed $5,000.00 in fines, plus costs, (Cumberland County Sentence). However, after Stewart's counsel requested modification, the sentencing court reduced the fine to $1,500.00 in February 2001. After an unsuccessful appeal to the Superior Court, Stewart was committed to DOC's custody at SCI-Camp Hill.

Stewart was released on parole in October 2001. He completed his Cumberland County Sentence (CR-980-2000) related to the fine in August 2004. Stewart was returned to custody for another unrelated crime in December 2004, and remained in custody on a Dauphin County charge for 13 years.

On November 8, **2017**, DOC served Stewart with an inmate fine collection notice, directing deduction of $5,459.00 in fines and costs based on the December 19, **2000** order (Notice). The Notice did not indicate any reduction of the fine. Prior to the Notice, neither DOC nor Clerk made deductions from Stewart's inmate account related to the fine imposed in 2000, or as modified in 2001.

2

DOC policy DC-ADM-005 (relating to collection of inmate debts) (Collection Policy) allows an inmate to contest the accuracy of court-ordered fines through the grievance process. Stewart timely challenged the Notice, specifically the amount of the fine, by filing a grievance within 15 days. Because he was in custody, Stewart's only means of challenging deductions was a direct appeal or post-conviction proceeding. He argued DOC may not collect the fine because 17 years passed since its imposition, and he completed serving his sentence in 2004. He also challenged the confiscation of his property on constitutional due process grounds.

After his grievance was denied, Stewart sought a hearing in the sentencing court, asserting laches based on the 17-year delay. DOC argued it had statutory grounds to make 20% deductions without a hearing. The sentencing court declined to provide relief. Stewart then filed a petition with this Court, seeking declaratory and equitable relief.

In his amended petition, Stewart assigns error to the deductions from his inmate account in three respects: (1) he completed serving the sentence imposing the fine in 2004; (2) he did not receive due process prior to the deductions; and (3) the Clerk's 17-year delay prejudiced his ability to meaningfully challenge the deductions and affected his ability to pay the fine. Stewart also challenges the amount of the fine and claims he is prejudiced by the late collection. In addition, Stewart seeks an injunction directing DOC to cease further Act 84 deductions and to return the amounts previously deducted.

DOC filed preliminary objections in the nature of a demurrer, asserting the deductions were authorized by Act 84. Shortly thereafter, Clerk filed preliminary objections on virtually identical grounds, also arguing laches does not apply here. Stewart filed a single response to Respondents' preliminary objections.

## II. Discussion

At this early stage, we accept Stewart's well-pled allegations as true. Preliminary objections "are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom ...." Lennitt v. Dep't of Corr., 964 A.2d 37, 40 (Pa. Cmwlth. 2008). "The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." Lambing v. Dep't of Corr. (Pa. Cmwlth., No. 488 M.D. 2017, filed Dec. 19, 2018), slip op. at 3, 2018 WL 6626175, at *2 (unreported) (citing Thomas v. Corbett, 90 A.3d 789, 794 (Pa. Cmwlth. 2014)).

"A demurrer should only be sustained if, on the facts averred, the law says with certainty that no recovery is possible." Bundy v. Wetzel, 184 A.3d 551, 556 (Pa. 2018) (Bundy I) (reversing dismissal of inmate's petition for review challenging Act 84 deductions); see Rega v. Dep't of Corr. (Pa. Cmwlth., No. 244 M.D. 2017, filed Jan. 31, 2018), 2018 WL 627046 (unreported), aff'd, 200 A.3d 955 (Pa. 2019); Saxberg v. Dep't of Corr., 42 A.3d 1210 (Pa. Cmwlth. 2012) (overruling preliminary objection as to Act 84 deductions for costs). When reviewing preliminary objections in the nature of a demurrer to a petition seeking injunctive relief, "we sustain the objection only where the underlying petition is insufficient to establish a right to relief." Vega

4

v. Beard, 847 A.2d 153, 155 (Pa. Cmwlth. 2004). "Any doubt must be resolved in favor of the party seeking the injunction." Id.

## A. Act 84 Deductions

Stewart seeks to enjoin DOC from deducting $5,459.00 in fines and costs from his inmate account. Respondents assert that, despite the 17-year delay in collection, the deductions from Stewart's inmate account are authorized by Act 84.

Act 84 provides, in pertinent part:

> [DOC] shall be authorized to make monetary deductions from inmate personal accounts <u>for the purpose of collecting restitution or any other court-ordered obligation or costs</u> imposed under [S]ection 9721(c.1) [of the Sentencing Code]. Any amount deducted shall be transmitted by [DOC] ... to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. [DOC] shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa. C.S. §9728(b)(5) (emphasis added). Thus, Act 84 authorizes DOC to deduct any court-ordered obligation or costs imposed under Section 9721(c.1) of the Sentencing Code[1] from an inmate's account. Id.

---

[1] Section 9721(c.1) of the Sentencing Code states:

> Mandatory payment of costs.—Notwithstanding the provisions of [S]ection 9728 [of the Sentencing Code] (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), the court shall order the defendant to pay costs. <u>In the event the court fails to issue an order for costs</u> pursuant to [S]ection 9728 [of the Sentencing Code], <u>costs shall be imposed</u> upon the defendant under this section. <u>No court order shall be necessary for the defendant to incur liability for costs</u> under this section.

5

Act 84 requires the county clerk of courts to notify DOC when there is a court order imposing costs on a criminal defendant. Boyd v. Dep't of Corr., 831 A.2d 779 (Pa. Cmwlth. 2003). It mandates: "'The county clerk of courts shall, upon sentencing, ... transmit to ... [DOC] ... copies of all orders for restitution ... reparation, fees, costs, fines and penalties. This paragraph also applies in the case of costs imposed under Section 9721(c.1) of the Sentencing Code (relating to sentencing generally).'" Dep't of Corr. v. Tate, 133 A.3d 350, 353 (Pa. Cmwlth. 2016) (quoting Section 9728(b)(3) of the Sentencing Code, 42 Pa. C.S. §9728(b)(3)).

Respondents maintain that court authorization is not necessary prior to making deductions from an inmate account. However, it depends on the type of deduction. Deductions for fines are only authorized to the extent they are supported by a court order. Further, only costs under Section 9721(c.1) of the Sentencing Code may be collected absent court authorization. See Rega; Spotz v. Commonwealth, 972 A.2d 125 (Pa. Cmwlth. 2009) (certain costs are waivable). When such costs are imposed, DOC may collect them without a court order provided the clerk of courts calculated the costs. Richardson v. Dep't of Corr., 991 A.2d 394 (Pa. Cmwlth. 2010) (calculating costs imposed by the sentencing court is ministerial). As to the amount of costs, DOC may rely on a Court Commitment Form 300B signed by the clerk.

Pursuant to Act 84, DOC is entitled to collect fines and costs in accordance with the sentencing order. Here, the sentencing order is not attached, and the amount of the fines is contested. Indeed, Stewart pleads that the amount of

---

The provisions of this subsection do not alter the court's discretion under Pa. R.Crim.P. No. [sic] 706(C) (relating to fines or costs).

42 Pa. C.S. §9721(c.1) (emphasis added).

6

fines was reduced to $1,500.00. In the event that the sentencing order was modified as he avers, then DOC is not permitted to collect more than the reduced fine imposed by the sentencing court.

In addition, on these facts, it is not clear that costs may be deducted without a court order because they were imposed in 2000, 10 years before the addition of Section 9721(c.1) to the Sentencing Code. Rega. In Rega, we considered preliminary objections filed by DOC to an inmate's petition seeking relief from Act 84 deductions, specifically the collection of costs. There, we reasoned DOC "cannot rely upon Section 9721(c.1) to excuse the absence of a court order" for a defendant sentenced prior to the enactment of that section "because such application would constitute an *ex post facto* law." Id., slip op. at 7-8, 2018 WL 627046, at *4. Like in Rega, Stewart was sentenced before 2010 when the part of Act 84 referencing costs under Section 9721(c.1) was added. Thus, DOC lacks clear authority to collect costs.

In sum, Act 84 only authorizes collection of court-ordered obligations. Collection of non-court imposed costs are not assured as to those sentenced prior to 2010. Accordingly, Respondents' authority to recover costs and fines from Stewart is limited to those imposed by the sentencing court in the applicable sentencing order.

**B. Claims for 17-Year Delay**

Stewart claims the 17-year delay from his sentencing (December 2000) to the date of the Notice (November 2017), precludes collection of fines and costs. He contends Respondents may not deduct fines and costs related to a sentence he completed in 2004. Stewart also asserts laches applies since the sentencing court did

7

not pursue collection while he was on parole, and Clerk did not send the proper forms to DOC within a reasonable time of sentencing. He alleges prejudice from the delay in that he no longer has records showing the reduced fine, and changed circumstances since he has been incarcerated for most of that time, resulting in less income to pay it.

## 1. Confinement Completion

First, we consider Stewart's argument that his inmate account cannot be debited for costs or fines related to a sentence he completed serving in 2004. Stewart asserts that because he completed his maximum sentence for CR-980-2000 in 2004, he fulfilled his obligations such that no costs or fines are owed. We sustain both Respondents' demurrers as to this claim.

That Stewart served his maximum sentence does not render court-ordered fines and costs uncollectible. Commonwealth v. Ralston, 800 A.2d 1007 (Pa. Cmwlth. 2002). Act 84 expressly permits collection of fines past the maximum date of confinement. 42 Pa. C.S. §9728(c) (relating to period of time).[2] Further, in Ralston we held the court clerk has authority to collect fines and costs *after* the expiration of an inmate's confinement and probation.

Although the total amount of the fines and costs imposed is disputed, Stewart does not contest that court-ordered fines and costs remain unpaid. Thus, to

---

[2] Section 9728(c) of the Sentencing Code provides, in pertinent part: "the period of time during which such judgments [of costs and/or fines] shall have full effect may exceed the maximum term of imprisonment to which the offender could have been sentenced for the crimes of which he was convicted or the maximum term of confinement to which the offender was committed." 42 Pa. C.S. §9728(c) (emphasis added).

the extent an undisputed amount, i.e., $1,500.00 fine, remains unpaid, it may be collected presuming no equitable or constitutional grounds bar its collection. Because Stewart cannot state a claim for relief based on completion of his confinement, we sustain Respondents' demurrers as to that specific claim.

## 2. Laches

Stewart asks this Court to apply laches to these facts because Clerk knew his location when he was paroled from his Cumberland County Sentence, and did not attempt collection at that time. He also alleges prejudice from the 17-year delay as to both his ability to prove the amount imposed, and his ability to pay that amount.

"'Laches arises when a defendant's position or rights are so prejudiced by the length of time and inexcusable delay, plus attendant facts and circumstances, that it would be an injustice to permit presently the assertion of a claim against him.'" Cosfol v. Varvoutis, 213 A.2d 331, 340 (Pa. 1965) (citation omitted). Application of the laches doctrine depends on whether a "party is guilty of want of due diligence in failing to institute his action to another's prejudice." Weinberg v. State Bd. of Exam'rs of Pub. Accountants, 501 A.2d 239, 242 (Pa. 1985) (citation omitted). Records lost or destroyed may constitute prejudice. Id.

As to prejudice caused by the delay, Stewart avers that since he completed his sentence in 2004, he no longer has records related to that sentence.[3] He states "he did not anticipate Cumberland County and/or the DOC erroneously

---

[3] In his first petition, Stewart alleged he suffered "great prejudice" in that he earns $14.00 per month, is provided only three pairs of socks, three undergarments and three t-shirts a year, one pair of boots, a coat and a hat. Pet. for Review, ¶3, Conclusion. Stewart has to purchase everything else. He alleged that he had more financial wherewithal before his re-incarceration 12 years ago.

9

seeking to collect $5,000.00 from him, nearly 17-years [sic] later, after the [sentencing court] reduced the fine to $1,500.00." Am. Pet. for Review, ¶33. As a result, he is unable to provide any records to corroborate the reduction of the fine to $1,500.00. Destruction of records may constitute prejudice. Weinberg.

Relying on Department of Transportation v. Benner, 616 A.2d 181 (Pa. Cmwlth. 1992), which precluded a driver's license suspension after a 17-year delay, Stewart asks this Court to preclude the collection of fines 17 years after sentencing. We applied the laches doctrine in the license suspension context more recently in Gingrich v. Department of Transportation, Bureau of Driver Licensing, 134 A.3d 528 (Pa. Cmwlth. 2016) (en banc). In Gingrich, we explained a court clerk's 10-year delay in reporting a conviction to the Department of Transportation may have a punitive effect such that the action triggered by the clerk's report, i.e., license suspension, should not be imposed based on the delayed reporting. We reasoned that, in the years between the clerk's report of the conviction and the date of conviction, the licensee's circumstances changed sufficiently that suspension was no longer warranted. Id.; see also Capizzi v. Dep't of Transp., Bureau of Driver Licensing, 141 A.3d 635 (Pa. Cmwlth. 2016) (deeming suspension unwarranted based on delay of 7 years and 10 months).

Moreover, laches is not confined to the license suspension context. We recognized laches may apply to the Commonwealth's enforcement powers based on an 11-year delay between sentencing and the notice of consequences related to sentencing. See Bahret v. Pa. State Police (Pa. Cmwlth., No. 500 M.D. 2015, filed May 16, 2016), 2016 WL 2848684 (unreported) (in sexual offender registration context).[4]

---

[4] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Here, we are faced with an inordinate, undisputed 17-year delay between sentencing and the attempted collection of the monetary part of the sentence.[5] Stewart alleged prejudice attendant to that delay, including an inability to produce the relevant sentencing order. At this early stage, because laches may apply to a court clerk's delay in sentence-related reporting, we are unable to reject this defense as a matter of law. See Gingrich;[6] Bahret.

It bears emphasis that our review is limited to the well-pled facts contained in the amended petition. Lennitt. Clerk's allegations to the contrary constitute an improper speaking demurrer.[7] Thus, we are unable to consider Clerk's assertions that Clerk notified DOC of the fines and costs within a reasonable time of sentencing, i.e., May 2002.

We also decline to take judicial notice of facts contrary to those pled in the amended petition. Both Respondents ask this Court to take judicial notice of the public docket in CR-980-2000, to contradict Stewart's claims as to the reduction of the fine from $5,000.00 to $1,500.00. See DOC's Br. at 9 n.1; Clerk's Br. at 8 n.1.

---

[5] Clerk admits that "[f]or reasons unknown, the Act 84 deductions were not started at that time," referring to May 2002, when he asserts the court notified DOC of the fines and costs imposed. Clerk's Br. at 11-12 (emphasis added).

[6] Our Supreme Court recently accepted review of the laches issue presented in Gingrich in Middaugh v. Department of Transportation, Bureau of Driver Licensing, 196 A.3d 1073 (Pa. Cmwlth. 2018) (en banc), appeal granted, 208 A.3d 460 (Pa. 2019) (involving a delay of less than three years).

[7] An objecting party's attempts "to supply missing facts from the record constitutes an impermissible 'speaking demurrer.'" See, e.g., Elkington v. Dep't of Corr. (Pa. Cmwlth., No. 478 M.D. 2018, filed June 3, 2019), slip op. at 3 n.3, 2019 WL 2400724, at *2 n.3 (unreported) (quoting Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare, 67 A.3d 160, 170 (Pa. Cmwlth. 2013)).

"It is well established that a court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court." Naffah v. City Deposit Bank, 13 A.2d 63, 64 (Pa. 1940). "[J]udicial notice is generally exercised when the fact is so well known that formal introduction of evidence in support of it is unnecessary." Castello v. Unemployment Comp. Bd. of Review, 86 A.3d 294, 299 (Pa. Cmwlth. 2013) (citation omitted). Therefore, "a court is admonished not to take judicial notice of the record of another case, if not pleaded." Woolard v. Burton, 498 A.2d 445, 448 (Pa. Super. 1985).

Confining ourselves to the well-pled facts, as we must when reviewing a demurrer, we conclude Stewart may be able to establish laches applies to preclude collection of fines and costs, particularly if they are not supported by a court order. Accordingly, we overrule Respondents' demurrers to the laches defense against collection of fines and costs imposed 17 years ago.

## C. Due Process (Bundy) Pre-Deprivation Hearing

Next, we consider the demurrers to Stewart's due process claim. Regardless of DOC's provision of the necessities of life, Stewart retains a "property interest in the money in his [inmate] account" and is entitled to due process in conjunction with "any dispossession of that interest." Bundy I, 184 A.3d at 556.

Case law is clear that the sentencing hearing is the time to challenge the amount of a fine for inability to pay. George v. Beard, 824 A.2d 393 (Pa. Cmwlth. 2003). Citing Buck v. Beard, 879 A.2d 157 (Pa. 2005), Respondents maintain that

an inmate is not entitled to a "specific judicial determination of ability to pay before [DOC] may deduct payments for fines, costs, or restitution," because the sentencing hearing provides "the required pre-deprivation due process." Id. at 160-61. Thus, Respondents contend due process is satisfied by the sentencing hearing.

More recently, however, our Supreme Court held an inmate is entitled to due process prior to DOC making the first deduction from an inmate's account. Bundy I (appellant sought injunction preventing deductions from his account, declaratory judgment, compensatory damages in the form of a return of funds previously deducted, and litigation costs).

In Bundy I, the Supreme Court held that prior to DOC's first deduction, DOC must afford the following process: "(a) inform the inmate of the total amount of his financial liability as reflected in his sentencing order, as well as [DOC's] policy concerning the rate at which funds will be deducted from his account and which funds are subject to deduction; and (b) give the inmate a reasonable opportunity to object to the application of [DOC's] policy to his account." Id. at 558-59. The Court explained an inmate is entitled to a pre-deduction hearing when there has been a material change in circumstances. Id.

After remand in Bundy I, this Court explained that the change in circumstances was not as a result of the Act 84 deductions; rather, an inmate may be "entitled to a hearing before the commencement of Act 84 deductions if changed circumstances have occurred since sentencing." Bundy v. Wetzel (Pa. Cmwlth., No. 553 M.D. 2016, filed Apr. 12, 2019), slip op. at 15, 2019 WL 1613026, at *8

13

(unreported), appeal pending, (Pa., No. 27 WAP 2019, filed June 7, 2019) (Bundy II). The current law thus allows an inmate to assert a claim as to the inadequacy of due process, and a necessity for a pre-deduction hearing based on changed circumstances. Bundy I; Bundy II.

Stewart maintains "a property interest in his inmate account." Buck, 879 A.2d at 160; see Bundy I. DOC is required to provide a pre-deprivation process, particularly when the "withdrawal is predicated on an erroneous total financial obligation." Bundy I, 184 A.3d at 558. The process DOC affords should allow for the correction of errors. Id. The deductions must also be consistent with the amounts imposed by the sentencing court.

The sentencing hearing, which is generally the proper time to challenge the amount of fines or the ability to pay them, occurred more than 17 years ago. Stewart pled that in the intervening 17 years his circumstances changed materially because he was incarcerated much of that time, resulting in limited financial resources and lack of access to relevant records. Am. Pet. for Review, ¶¶9, 28, 33. As a result, Stewart may be able to prove a sufficient change in circumstances between the time of sentencing and the time of collection to trigger a pre-deduction hearing on his ability to pay court-imposed fines. Bundy I; Bundy II.

Moreover, Respondents acknowledge the amount of the fine is disputed. See DOC Br. at 8; Clerk Br. at 8. In this case, it is unclear whether a sentencing order supporting $5,459.00 in fines and costs exists. Neither Clerk nor DOC appended a sentencing order or the Court Commitment Form DC-300B to their preliminary

14

objections.  Cf. Elkington v. Dep't of Corr. (Pa. Cmwlth., No. 478 M.D. 2018, filed June 3, 2019), 2019 WL 2400724 (unreported) (DOC appended sentencing sheets and Court Commitment Form DC-300B showing sentence imposed to demurrer).

Further, although DOC maintains that its Collection Policy satisfies due process, it is unclear that DOC complied with that policy.  Stewart's monthly inmate account statement for May 2018 appended to his *in forma pauperis* petition shows five deductions for Act 84 related to CR-980-2000 as follows:  $20.00 (5/2/18); $8.20 (5/7/18); $5.00 (5/23/18); $3.02 (5/30/18).  Each Act 84 deduction followed a deposit for a personal gift or for his pay.  Also, the policy permits deductions of monthly payments of 20%, not several deductions per month, following each deposit as it appears DOC deducted payments here.  Thus, while the Collection Policy may satisfy due process, DOC's non-compliance with its policy may confer grounds for a due process claim.

At this preliminary stage, we decline to dismiss Stewart's due process claims, particularly as the allegations of unreasonable delay, changed circumstances since sentencing 17 years ago, related prejudice and implied non-compliance with DOC's Collection Policy indicate their merit.  Thus, Respondents' demurrers to Stewart's claim that the Act 84 deductions violate his due process rights generally, and his right to a hearing regarding the amount and his ability to pay *prior* to their deduction, are overruled.  Bundy I.

15

### III. Conclusion

For the foregoing reasons, we sustain Respondents' preliminary objections in part, as to their inability to collect court-ordered fines and costs when Stewart served his maximum sentence to which the fines and costs relate. However, we overrule Respondents' demurrers as to Stewart's due process and laches claims based on the delay between sentencing and the first deduction per the Notice, and the articulated prejudice and change in circumstances attributed to the 17-year delay.

_____
ROBERT SIMPSON, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lee Stewart,
                Petitioner

       v.

(Office of the Clerk) for Cumberland
County Common Pleas Court,
Pennsylvania Department of
Corrections,
               Respondents

:
:
:
:
:  No. 361 M.D. 2018
:
:
:
:
:
:
:

## O R D E R

**AND NOW**, this 23rd day of August 2019, the preliminary objections filed by the Office of the Clerk for the Cumberland County Court of Common Pleas and the Pennsylvania Department of Corrections (collectively, Respondents) are **OVERRULED IN PART**, as to the due process and laches claims which aver prejudice and changed circumstances which may warrant a hearing prior to collection after a significant delay, and are **SUSTAINED IN PART**, only as to the claim that Respondents lack authority to deduct court-imposed fines and costs based on completion of the sentence to which the fines and costs relate.

Respondents are directed to file their respective answers in this matter within 30 days of the date of this order.

_____
ROBERT SIMPSON, Judge